# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1889.

W. R. BLANTON, ADMINISTRATRIX, v. J. J. MAYES.

No. 2524.

1. **Debts of an Estate—Taxes.**—Taxes due at the time of the death of a testator and those subsequently accruing constitute debts of an estate that would empower an independent executor to sell lands of the estate.

2. **Same—Money Borrowed to Pay Taxes.**—Should such executor borrow money to pay such taxes the power to sell to meet the loan would still exist.

3. **Case Followed.**—Mayes v. Blanton, 67 Texas, 245, followed.

4. **Bona Fide Purchaser.**—In a suit for land involving the validity of a sale made by an executor it is competent to allege and show good faith in the purchaser as a basis for the recovery of the purchase money in event the land be lost.

5. **Same—Immaterial Error.**—But where the defendant gained the land an error committed upon the alternative plea asking the repayment of the purchase money would be immaterial.

6. **Same.**—Where the defendant recovered the land any error in the admission or excluding of testimony tending to show that the proceeds of the sale did not accrue to the benefit of the estate would be immaterial. The power to sell would arise from the existence of debts against the estate.

7. **Application of Purchase Money.**—In the sale by an executor having the power to sell it does not devolve upon the purchaser to show that the proceeds of the sale were properly applied.

8. **Practice—Incompetent Juror.**—Although parties be ignorant of the fact disqualifying a juror when accepted, still if the fact be known during the trial and they proceed with the trial without objection it is too late to urge the objection after a verdict.

9. **Practice—Talesmen.**—It is a sufficient compliance with article 3056, Revised Statutes, if the oath there prescribed be once administered to the sheriff during the term and before the jurors are called as talesmen, provided the attention of the sheriff be called to his duty in selecting the jurors before they are summoned.

10. **Practice—Jurors.**—A party failing to make any effort to ascertain whether jurors tendered are impartial can not on motion for new trial complain on that ground.

APPEAL from Liberty. Tried below before Hon. J. F. Lanier, special district judge.

This is the third appeal. See 58 Texas, 422, and 67 Texas, 245.

The additional facts necessary are set out in the opinion of the court.

*Wharton Branch,* for appellant.— 1. The court erred in allowing defendant to offer evidence as to debts arising against the estate of T. Schlutter after the date of the deed of John Howard, executor, to defendant Mayes, because indebtedness subsequently created, if any, could

not authorize the sale or validate the deed made previous to the creating of such debts, and erred in refusing the charge asked on the same point. Paul v. Perez, 7 Texas, 345; Keeble v. Black, 4 Texas, 71; Guthrie v. Guthrie, 17 Texas, 543; Atchison v. Smith, 25 Texas, 231; Mitchell v. Rucker, 22 Texas, 70.

2.   No equity would arise in favor of Mayes for reimbursement if the fact be that the estate has not had the benefit of his money, and this was an open question of fact in the case.   Mayes v. Blanton, 67 Texas, 249; Cole v. Bammel, 62 Texas, 114.

3.   The motion for new trial and verified by affidavit shows that the juror Wells had been indicted, tried, and convicted of theft, and had not served out his penalty, and that this fact was not known either to plaintiff or her counsel, neither of whom reside in the county where the trial was had, is shown as a reason why this juror was not challenged for cause.   The motion also shows that after all of plaintiff's challenges had been exhausted, two talesmen, one a former sheriff and one a county treasurer, were summoned by the sheriff, without the oath to qualify the sheriff so to do having been administered to him in this case, and also shows that these two talesmen were intelligent and influential men while the remainder of the jury were of but very ordinary intelligence and little education, and both talesmen and the sheriff were related to counsel for defendant Mayes.   Rev. Stats., arts. 3010, 3056, 3082.

*Cleaveland & Lockhart,* for appellee. — 1.   There was competent evidence tending to show that debts against the estate existed at the time the executor sold the land in question.   From this the power to sell arose. Mayes v. Blanton, 67 Texas, 245; Johnson v. Bowden, 43 Texas, 674; Anderson v. Stockdale, 62 Texas, 54.

2.   In no event could the appellant under the facts proved in this case be permitted to recover the land in question without first paying or offering to pay to the appellee the purchase money of which the estate of Schlutter had received the benefit.   Howard v. North, 5 Texas, 316; Herndon v. Rice, 21 Texas, 456; Walker v. Lawler, 45 Texas, 538; Story on Eq., 696, 737.

3.   The jury was empaneled and accepted by the parties to try the cause without objection as to the manner of their selection or as to their qualifications.   The appellant under these circumstances should not be permitted to stand by and speculate upon the chances of a verdict in his favor and to make these objections for the first time in his motion for a new trial.   Schuster v. La Londe, 57 Texas, 28; Newman v. Dodson, 61 Texas, 91.

STAYTON, CHIEF JUSTICE. — On a former appeal it was held that the one executor who qualified had the power to sell the land in controversy

to appellee if debts against the estate represented by him existed.   Mayes v. Blanton, 67 Texas, 246.

On the trial from which this appeal is prosecuted the court instructed the jury in effect that the title acquired by appellee through his purchase was valid if at the time he purchased there were debts against the estate represented by the executor which made it necessary for him to make the sale; and it further placed the burden not only of showing these facts, but that the money paid by appellee for the land was applied by the executor to the payment of these debts on the appellee.

Under this charge, which placed on appellee a burden greater than the law imposes upon him, a verdict was rendered in his favor.

If the evidence was sufficient to show that debts legally a charge on the estate of the testator existed at the time appellee bought from the executor then the judgment must be affirmed, unless there be some error in the proceedings not involved in the question of the power of the executor to sell the land.

The testator, Schlutter, died on May 6, 1875, and soon after that date Howard, one of the three executors named in the will, caused it to be probated, and qualified as executor, the others having declined to do so.   The will and order of Probate Court authorized the administration of the estate without the control of the court.   The executor Howard died on June 25, 1876, after having sold and conveyed the land in controversy on January 27, 1876, to appellee in consideration of $1000 then paid.

On August 4, 1876, appellant was appointed administratrix of the estate.   She does not show fully what particular debts stood against the estate at the time she qualified, but in a report made by her to the Probate Court, to its March Term, 1878, she stated "that while the estate is entirely solvent, yet considerable indebtedness hung over it at the time petitioner assumed the responsibility and duties of the administration; that the estate among other items was largely in arrears to the State, county, and municipality for overdue taxes and penalties."   She then proceeds to state that from moneys derived from the estate otherwise than by sale of property she had succeeded in paying at the time the report was made all indebtedness against the estate except about $800 due for taxes for the year 1877.

The evidence further shows that a part at least of the taxes due for the year 1874 were unpaid at the time of the death of the testator; that taxes, State, county, and municipal, were paid on August 7, 1875, but that of this the municipal tax was for the year 1875 and the State and county taxes for the year 1874.

It is not shown that State and county taxes for the year 1875 were paid by the executor, but it does appear that they were not paid by appellant, and it does not appear that they are unpaid.   The inference is strong that the executor paid them.

The taxes for the year 1876 had accrued before the land in controversy was sold to appellee, and were not paid until after appellant qualified as administratrix.

On the day before municipal taxes for 1875 and State and county taxes for 1874 were paid, it is shown that the executor for the estate borrowed $1150, to secure which he, joined by the widow of the testator, who owned half of the estate, executed a mortgage on property of the estate.

It is further shown that the money thus borrowed was procured to pay taxes, and that for this purpose it was turned over to the executor, but that it was not repaid to the lender until after appellant qualified as administratrix.

Taxes due at the time of the death of the testator and those subsequently accruing would constitute debts of the estate that would empower the executor to sell property, and we do not see if he borrowed money on the credit of the estate to pay taxes imposed by law that the indebtedness thus created would not be one that would empower him to sell property in order to raise money to discharge it.

Taxes on the estate seem to have amounted to about $800 annually, and if no other indebtedness than for accrued taxes for the years 1874, 1875, and 1876 were shown to have existed, this would be sufficient to confer on the executor the power to sell, which he exercised in making the sale to appellee.

Looking to the evidence there was no error in that part of the court's charge which informed the jury that the existence of indebtedness on the part of the estate at the time the executor sold to appellee would confer on the former the power to make the sale, for the indebtedness shown was all such as would confer on the executor the power to sell.

There was no objection to the evidence of indebtedness offered on the ground that there was no sufficient pleading to authorize the admission of the evidence. The appellee pleaded that he purchased the property in good faith, that it was sold to pay debts of the estate, and that the estate or the beneficiaries under the will had the benefit of the money paid by him, and he sought its recovery in case he was not entitled to hold the land. Evidence was offered under these pleas, and it is urged that it was error to admit evidence of the good faith of appellee in making the purchase and paying the price of the land, or to give a charge under which the jury might have found on this issue in favor of appellee if they had not found in his favor for the land.

The evidence was properly admitted and the charges on this issue correctly given, but if there had been error in either of these respects it would be immaterial, for on the issue of title to the land the finding was in favor of appellee, which could not in any manner have been affected by the evidence and charges given on another issue.

Appellant for the purpose of showing that the executor had not applied

the money received from appellee to the discharge of the debts of the estate, proposed to prove a settlement made between the executor of Howard's will and the appellant as the administratrix of the estate of Schlutter, but on objection it was excluded.

Such evidence would have been admissible for the purpose of showing that neither the estate of Schlutter nor the beneficiaries under his will ever received benefit from the money paid to Howard by appellee, but as the case was disposed of it became unimportant, for in order that appellee should be entitled to the land under his purchase from the executor it was not necessary that he should show that the latter properly appropriated the money paid by him for the land. It was sufficient that he showed a state of facts that gave the executor power to sell.

The fourth, seventh, eighth, ninth, and tenth assignments of error relate to the ruling of the court in giving and refusing charges upon the facts which would confer power on the executor to sell the land to appellee, and have already been considered. The action of the court in these respects was as favorable to appellant as the former decision made in this case, following Johnson v. Bowden, 43 Texas, 674, and Anderson v. Stockdale, 62 Texas, 54, would authorize.

A person was empaneled on the jury that tried this cause who was disqualified for jury service by reason of having been convicted of a disqualifying crime. At the time the jury was empaneled this fact was not known to appellant or her counsel, but before the cause was submitted to the jury the fact became known to them, and they raised no objection to proceeding with the jury as empaneled, but took the chances of a verdict in her favor, and for the first time raised the question on motion for new trial. We think the objection came too late.

To fill up the jury it became necessary to summon three talesmen, one of whom was challenged by appellant, who thereby exhausted her peremptory challenges. The others were not shown to be subject to challenge for cause and were empaneled. It was urged as ground for new trial that the oath prescribed by article 3056, Revised Statutes, was not administered to the sheriff before he summoned these jurors, and the action of the court in overruling the motion for new trial based on this ground is assigned as error. It appears, however, from the statement of the court, contained in an explanation to the judgment overruling the motion, that the oath prescribed by that article had been administered to the sheriff on a former day of the term, and that when the order to summon talesmen was given in this case the attention of the sheriff was again called to his duties under the oath prescribed.

We think this was a compliance with the law, and that it is not necessary that the oath prescribed by the article referred to should be administered to the sheriff every time it becomes necessary during a given term to summon jurors other than those selected by the jury commissioners.

If this were not so appellant or her counsel should have objected to the jurors at the proper time, being present and cognizant of what was done in filling up the jury.

In the motion for new trial it was stated that appellant believed the two talesmen were not impartial persons, but no effort was made before they were empaneled to ascertain whether this was so.   The chief objection to the two jurors seems to have been that they were intelligent men and of strong will, while the other ten were not of that class.

We find no error that calls for a reversal of the judgment and it will be affirmed.

*Affirmed.*

Opinion January 15, 1889.