HAYNES v. SOSA et al.   (No. 5892.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1917. Rehearing Denied Dec. 5, 1917.)

1. WITNESSES ⬅243—EXAMINATION—LEADING QUESTIONS—DISCRETION.

It cannot be said that it is an abuse of discretion to permit a leading question to an ignorant witness, testifying through an interpreter; she having previously, without objection, stated the facts summarized in the leading question.

2. JURY ⬅110(1)—DISQUALIFICATION OF JUROR—WAIVER OF RIGHT TO OBJECT.

Disqualification of a juror discovered after commencement of trial but before its close is waived by not being complained of till after verdict.

3. MUNICIPAL CORPORATIONS ⬅705(11) —COLLISION OF AUTO WITH WAGON—PROXIMATE CAUSE OF INJURY.

Collision of auto with rear of standing wagon, driving the wagon forward, is proximate cause of injury to occupant, pitched forward and out on forward motion of wagon being stopped by contact with horse.

4. DAMAGES ⬅163(1)—PERSONAL INJURY —BURDEN OF PROOF.

Plaintiff in action for personal injury has the burden of establishing, by a fair preponderance of evidence, its nature, extent and probable permanency.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Atila A. Sosa and another against J. P. Haynes. Judgment for plaintiffs, and defendant appeals. Affirmed on condition.

Mason Williams and J. C. Hall, both of San Antonio, for appellant. Norton & Brown, of San Antonio, for appellees.

SWEARINGEN, J. This is a suit by Atila A. Sosa and her husband, Matias Sosa, against J. P. Haynes, the appellant, for personal injuries to Atila Sosa, caused by the alleged negligence of appellant. In a general charge the issues were submitted to a jury, which returned a verdict against appellant, and assessed the damages at $2,500.

The amended petition substantially alleged a cause of action for damages against appellant. The answer consisted of a general demurrer, general denial, and specially averred that the injury was caused by the neg-

ligence of appellees. From the evidence it appears that while the wagon occupied by Atila Sosa, her two children, and her sister-in-law was standing beside the curb, on the proper side of the Corpus Christi road, a wide, macadamized thoroughfare, the appellant hit the back of the wagon with the automobile, with sufficient force to break the wagon and injure the appellee Atila Sosa. She testified that her arm and leg were numbed by the shock which caused her to remain in bed for four months quite sick, and that she suffered great pain in her arm and shoulder; could not sleep; and has been unable to attend to her usual household duties since the injury.

Appellant testified to no facts showing negligence on the part of appellees; but testified to facts tending to prove that the injury was due to an unavoidable accident. In deference to the jury's verdict, we must find that the injury was caused by the negligence of appellant.

The first and third assignments are overruled. These assignments complain of the admission of the testimony of one of the occupants of the wagon, and of the husband of appellee, wherein the witnesses stated how Mrs. Urejas was knocked from the wagon by the impact of the automobile against the wagon and its effect upon her. We think the testimony was relevant and admissible.

[1] The second assignment is overruled, because we cannot say that the trial court abused his discretion in permitting the leading question to be asked, since the witness was an ignorant woman testifying through an interpreter, and had previously stated the facts, without objection, summarized in the leading question.

The fourth assignment is overruled. There was but one party injured, and the verdict found that her injuries were caused by the negligence of appellant, and assessed the damages for that injury at $2,500. The judgment is supported by the verdict.

[2] The fifth assignment complains of error, because one of the members of the trial jury was a convict, or under indictment, which fact was not known to appellant or his counsel until the last day of the trial. It does not appear that objection was made to the juror, when the information of his disqualification reached appellant's counsel; but it seems that appellant waived the objection and thus, by silence, consented to the trial by the disqualified juror. The objection was not made in due time to avail. Chief Justice Stayton has announced the rule in Blanton v. Mayes, 72 Tex. 417, 10 S. W. 452, thus:

"A juror was impaneled on the jury that tried this cause who was disqualified for jury service by reason of having been convicted of a disqualifying crime. At the time the jury were impaneled this fact was not known to appellant or her counsel, but before the cause was submitted to the jury the fact became known to them,

and they raised no objection to proceeding with the jury as impaneled, but took the chances of a verdict in her favor, and for the first time raised the question on motion for new trial. We think the objection came too late."

[3] The seventh assignment is overruled, because there is testimony to support the verdict that Atila A. Sosa received a shock caused by appellant negligently striking, with his automobile, the wagon in which Atila Sosa was seated. Nor can we say the version is absolutely destroyed by well-known physical laws. The blow to the back of the wagon would tend to cause those seated in it to fall backwards, but perhaps Atila Sosa anticipated this shock and was able to resist it, but in resisting the forward blow was unable to resist the almost immediate stop of the forward motion, caused by the wagon coming in contact with the mare hitched to the front of the wagon. This latter would certainly throw her forward, and in that probable event the automobile collision could be considered the proximate cause of the injury.

[4] The sixth assignment urges that the verdict is excessive. A very careful consideration of the testimony convinces us that it is very unsatisfactory, as to the nature of the injury, as to its extent, and as to its probable permanency. The burden rested upon plaintiff to establish these elements by a fair preponderance of the evidence.

If a remittitur of $1,000 is entered by appellees within 15 days, the judgment will be affirmed for $1,500. If the remittitur is not entered within the time specified, the judgment will be reversed and the cause remanded for further trial.