**ÆTNA LIFE INS. CO. v. OSBORNE et al.**
(No. 8324.)

(Court of Civil Appeals of Texas. Dallas. July 3, 1920. Rehearing Denied Oct. 16, 1920.)

1. **Executors and administrators ⬨84—Husband and wife ⬨276(4)—Legal representative of deceased proper person to enforce payment of indebtedness due estate.**

The general rule is that the legal representative of a deceased person's estate is the proper person to enforce payment of indebtedness due the estate, and this rule applies ordinarily in cases where a contract between a married man and another has matured previous to, or during, the administration of his estate by an executor, and this is also true although the proceeds of the debt may be community funds of the dead husband's estate and of the surviving wife.

2. **Executors and administrators ⬨438(5)—Widow not necessary party to interpleader suit by insurance company as to funds due estate.**

In an interpleader suit by a life insurance company against the executor of insured's estate and a third person claiming the proceeds of a life policy, payable "to the executors, administrators or assigns" of the insured, the widow was not a necessary party, the executor alone being entitled to sue as the legal representative of the estate, and the question of the ultimate right to the money not arising.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Interpleader suit by the Ætna Life Insurance Company against Mrs. Frances H. Osborne and others. From the judgment, plaintiff appeals. Affirmed.

W. J. Moroney, of Dallas, for appellant.
A. B. Flanary, of Dallas, for appellees.

HAMILTON, J. This is an interpleader suit, brought by the Ætna Life Insurance Company as disinterested stakeholder of the proceeds of life insurance policies on the life of E. T. Randle, deceased, which policies aggregate $28,000.

Randle died December 1, 1918, in possession of an estate worth several hundred thousand dollars. Some time before his death he assigned these policies to Mrs. Frances H. Osborne, a feme sole. The policies themselves were made payable to the executors, administrators, or assigns of Randle.

Randle was married and without direct descendants at the time of his death. His surviving wife, Mrs. Anna Quinlan Randle, was at and before his death, and still is, non compos mentis, and confined in an institution in Kansas.

The original petition was filed by the insurance company against A. B. Flanary, executor, and Mrs. Frances H. Osborne. At that time A. B. Flanary who had duly qualified and was acting as independent executor of Randle's estate under Randle's probated will, had made proof of E. T. Randle's death, and was demanding payment of the insurance. Mrs. Osborne, who had possession of the insurance policies, also made proof, it seems, and demanded payment. These conflicting claims made by Flanary and Mrs. Osborne respectively brought forth the interpleader suit. In the original petition the fact that the policies existed at the time of the death, and that they were valid, was alleged. They were described, and it was alleged that they were payable to Randle's executors, administrators, or assigns. The fact of the will having been probated and A. B. Flanary appointed independent executor thereunder was alleged. The fact of Mrs. Osborne's claim and demand was also recited. The company admitted it owed the aggregate amount of the policies, and pleaded that it desired to pay them upon having assurance that such payment as it made would absolve its liability and end its connection with any controversy in the premises.

There was a prayer that the court acquire jurisdiction over both defendants, that plaintiff be permitted to pay the amount of the policies into the registry of the court, and that the defendants be required to litigate their claims so that in this suit the court might determine the rights of the defendants and cancel the liability of the plaintiff company.

An amended petition was thereafter filed, in which Mrs. Anna Quinlan Randle was named as a codefendant with the original defendants. It appears that at the time the suit was originally filed neither the insurance company nor its attorney knew that Randle left a wife when he died, which accounted for her being omitted from the original petition as a defendant.

The amended petition contains the admissions as to the policies contained in the original petition, sets up the conflicting claims between the independent executor and Mrs. Osborne, and alleges at length the community interest of Mrs. Anna Quinlan Randle in the proceeds of the policies, and also alleges her insanity. This amended petition also sets out

the will of E. T. Randle, and all the probate proceedings relating to it.

There is a prayer that service of process be had on all the defendants; that they be required to set forth their respective claims and rights and adjust their claims between themselves; that the plaintiff be discharged from all liability and allowed its reasonable attorney's fee and costs.

The defendants were duly cited. Mrs. Frances H. Osborne appeared and waived and surrendered all of her claim and interest in favor of A. B. Flanary, executor, and consented that judgment should be entered in his favor. A. B. Flanary, independent executor, answering, directed certain exceptions against appellant's amended petition, in response to which appellant filed its first trial amendment and second trial amendment.

Mrs. Osborne having waived and surrendered all her claim and interest in favor of A. B. Flanary, independent executor, and having consented that judgment might be entered in his favor, the court, after hearing evidence, dismissed Mrs. Anna Quinlan Randle, the insane surviving wife of E. T. Randle, from the suit, and, in her absence as a party, entered judgment for A. B. Flanary, executor, and allowed the plaintiff its attorney's fee and expense.

The appeal presents only one ground of complaint, and that is that the trial court erred in holding that Mrs. Anna Quinlan Randle, non compos mentis, the surviving wife of E. T. Randle, was not a necessary or proper party, and dismissing her from the suit. In our opinion the action of the trial court was correct, and the position of appellant ought not to be sustained.

[1] The general rule followed by the courts of this state is that the legal representative of a deceased person's estate is the proper person to enforce payment of indebtedness due the estate. Moore v. Morse, 2 Tex. 402; Evans v. Oakley, 2 Tex. 184. This rule obtains, and applies ordinarily in cases where a contract between a married man and another has matured previous to or during the administration of his estate by an executor, and this is true although the proceeds of the debt may be community funds of the dead husband's estate and of the surviving wife. We recognize that the rule is by no means an unyielding one, and that there are exceptions to it which in proper cases the courts always apply. But we are unable to perceive how this case, under the statements presented by the bill of interpleader, could be taken out of the rule above mentioned and disposed of under any exception to it.

[2] The bill of interpleader has no function, so far as the insurance company can properly be concerned, except to result in effectuating a complete end to its liability. This was done by the disposition of the contention between the executor and Mrs. Osborne, made by the court upon Mrs. Osborne's waiver and disclaimer. The contract of insurance was pleaded by plaintiff. No contention as to any of its terms was made. Liability was admitted. No question as to whom payments should be made under the terms of the policies was raised. Mrs. Osborne having been eliminated and Mr. Flanary being the executor, there was no requirement for the insurance company to look beyond that provision in the policies for payment "to the executors, administrators or assigns." The policies being payable to the executor, and there being no question that A. B. Flanary is the legally qualified executor, he is the payee, and we think that under the situation presented in this case he alone is entitled to sue as the legal representative of the estate, and is therefore entitled to receive payment, and thereby terminate appellant's liability. The question of the ultimate right to the money does not arise. Only the question of the right of the executor to receive payment from the company is of concern here. Life Ins. Co. v. Williams, 79 Tex. 633, 15 S. W. 478; White v. Smith, 2 Willson, Civ. Cas. Ct. App. § 399; Ins. Co. v. Baum, 89 Ind. 240; Ins. Co. v. Hogan, 80 Ill. 39, 22 Am. Rep. 180.

"It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there be any controversy as to the distribution, among the heirs of the deceased, of the sum so contracted to be paid, it does not concern the insurers. The appellant contracted with the insured to pay the money to the appellee, and upon such payment being made, it will be discharged from all responsibility. So far as the insurance company is interested, the contract is effective as an appointment of the appellee to receive the sum insured." Ins. Co. v. Baum, 29 Ind. 240.

There is no error in the judgment, and it is affirmed.