## CAIN et al. v. CHURCH et al.
### No. 12749.

Court of Civil Appeals of Texas. Dallas.

July 29, 1939.

· Martin B. Winfrey and Irving L. Goldberg, both of Dallas, for appellants.

Lively, Dougherty & Alexander, of Dallas, for appellees.

YOUNG, Justice.

Appellees brought this suit against C. D. Cain and H. B. Fisher, upon a secured note executed by appellants to J. E. Fisher, alleging the death of said payee on or about February 22, 1934, leaving a last will and testament wherein appellees, Marion S. Church and Edward P. Dougherty were named Independent Executors; the regular probate of the will; the issuance of letters testamentary to appellees; their qualification as such Executors under said instrument, and the pendency of administration on the estate. The suit was filed by appellees in their representative capacities, for and on behalf of said estate, and as legal and equitable holders and owners of the note, praying judgment in the principal amount due, interest, attorney's fees, and for foreclosure; and, in the alternative, for judgment upon any renewal thereof. The answer of appellants set up that the original note declared upon in appellees' petition was in fact extinguished by a renewal note dated April 23, 1933, which later note became the subject of a valid gift from J. E. Fisher, during his lifetime, to H. B. Fisher, and that title to said renewal note was thereby in appellant Fisher and not in appellees.

Mrs. Charlotte Fisher then intervened in the action, alleging that, as surviving widow of J. E. Fisher, she was entitled to a one-half community interest in the note, adopting appellees' pleading in all facts and allegations; praying for any recovery to be divided proportionately between appellees, as Executors of the J. E. Fisher Estate, and said intervener. When the cause came on for trial, stipulations were entered into between the parties and filed as a part of the record, in which it was agreed that J. E. Fisher had died on above date, leaving a last will and testament, wherein appellees were named and constituted Independent Executors of his estate; that said will was duly probated; the granting of letters testamentary to appellees; admitting their qualification as such Executors, and, that at time of trial, they were the duly qualified and acting Executors of the Fisher estate, and that administration thereof was still pending.

A trial was had to a jury, the sole issue being: "Do you find from a preponderance of the evidence that J. E. Fisher made a gift to H. B. Fisher of the debt of three thousand dollars as evidenced by note dated October 23, 1932? Answer 'No' "; the court finding from the uncontroverted evidence and above stipulations that appellees were the qualified and acting Independent Executors of the estate in question, the administration of which was still pending; that there were unpaid community debts and claims against same; being of the opinion and finding that appellees were officially entitled to the possession of the community property belonging to the estate, including any sums of money recovered in this cause. Mrs. Fisher was denied a recovery and her plea of intervention ordered dismissed without prejudice to her rights in the final settlement of her husband's estate. This appeal is prosecuted by defendants below, H. B. Fisher and C. D. Cain only.

Neither appellants nor intervener filed any verified denial of appellees' right to recover in the capacity in which they sued, as required by Art. 2010, R.S. Subd. 3.

Appellants' assignments and propositions mainly present alleged error of the trial court in wholly excluding their proffered testimony as to transactions with the deceased J. E. Fisher, tending to prove that the note in suit became the subject of a valid gift to one of the payors therein; contending that the testimony was at least proper as to the action asserted by intervener, the surviving wife, the note being community property. Appellees, on the other hand, urge in support of the judgment in their favor, the following succinctly stated proposition of law: "The court did not err in excluding the proffered testimony of appellants, H. B. Fisher and C. D. Cain, detailing conversations and transactions with J. E. Fisher, deceased, concerning the alleged renewal and extension of the note sued upon herein and the alleged gift of said note and the obligation evidenced thereby to said H. B. Fisher by J. E. Fisher during his lifetime; because administration on said estate was still pending, and the entire proceeds of said note, if collected, would be subject to administration; and said Executors are entitled to the exclusive right to prosecute this suit and to the possession of the whole amount recoverable herein, and their suit constitutes an indivisible and nonseverable cause of action, and such testimony is inadmissible, under Article 3716 of the Revised Statutes of the State of Texas, as against appellees

and as against the claim of intervenor, whose rights were subject and subordinate to the rights of appellees and to the administration of said estate."

 The intervention of Mrs. Fisher was in her own right as community survivor and of course would be unaffected by the terms of Article 3716 R.S. Therefore, the admissibility of the given testimony, even limited to intervener, is entirely dependent upon whether she is a proper or necessary party to the instant litigation. Arts. 1981 and 3314 R.S. clearly provide and contemplate that only the executor can maintain suit for the collection of debts due the estate, and is entitled to the exclusive possession of all funds recovered for purposes of administration. A surviving widow is not permitted to intervene in any such suit pending administration, claiming an interest in her own behalf, without setting up and establishing certain well-defined exceptions to the general rule that the executor alone must sue. Canfield v. Newman, Tex.Civ.App., 265 S.W. 1052; Richardson v. Vaughan, 86 Tex. 93, 23 S.W. 640; Adams v. Bankers' Life Co., Tex.Com.App., 36 S.W.2d 182; Aetna Life Ins. Co. v. Osborne, Tex.Civ.App., 224 S. W. 815; Lovejoy v. Cockrell, Tex.Com. App., 63 S.W.2d 1009; Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207. No such exceptions are presented by this record, as appellees are admittedly administering the estate, and a further necessity therefor is plainly disclosed. No showing was made that the estate was free of debts or claims; to the contrary, an encumbrance or debt of $7,499.84 was indisputably shown against certain of decedent's real property.

"Respecting the administration of the estate of a deceased husband, for the purpose of paying his debts which are chargeable to the community, the community property, as an entirety, is regarded in law as belonging to his estate, except in respects not pertinent to this case. While such administration of the estate of the deceased husband is pending in the probate court, the entire community property is subject to the jurisdiction of that court. This jurisdiction of the probate court is exclusive. Neither the surviving wife, as such, has authority under the statutes, to sell community property for the purpose of paying community debts of her husband, nor, in case she do not survive, does that authority appertain to the administration of her estate. Authority in that respect appertains exclusively to the pending administration of the estate of the deceased husband." Lovejoy v. Cockrell, Tex.Com.App., 63 S. W.2d 1009, 1010.

 We conclude that under the circumstances of this record and the well settled law, appellees, as executors of said estate, were the only parties entitled to recover herein. The excluded testimony was not admissible against appellees by the express inhibition of Art. 3716; neither was it admissible against Mrs. Fisher, who was not entitled to recover anything in this suit and who did not recover anything. By the terms of Art. 1981, the particular judgment is conclusive on intervener and all interested parties, the rights of appellants being thereby fully protected; and intervener's rights, though now subject and subordinate to the pending administration, are likewise fully safeguarded in the final settlement of the estate. Our conclusions here reached are entirely in harmony with King v. Morris, Tex.Com.App., 1 S.W.2d 605, and other cases cited by appellants; none of these involving the right of an administrator or executor to recover property in his official capacity during the administration of an estate.

The assignments and propositions of appellants have been thoroughly considered, but, presenting no reversible error, are in all respects overruled and the judgment of the trial court is affirmed.

Affirmed.