**MYLES, ETC., Plaintiff-Appellee, v. MEINEKE, Defendant-Appellant, INDEMNITY INSURANCE CO., Defendant-Appellee, FIDELITY & CASUALTY CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20538.   Decided December 2, 1946.

Grossman, Carter, Hamilton and Rosenman, Cleveland, for Plaintiff Appellee.

Harrison, Thomas, Spangenberg & Hull, for Defendant-Appellant Melvin Wm. Meineke.

Bulkley, Butler & Pillen, Cleveland, for Defendant-Appellee, Indemnity Ins Co. of North America.

Duncan & Thomas, Cleveland, for Defendant-Appellant, Fidelity & Casualty Co. of New York.

## OPINION

By HURD, J.

This is an appeal on questions of law from the Municipal Court of Cleveland.

The facts which are not in dispute, are briefly as follows:

The Fidelity & Casualty Company of New York on the 24th of July, 1946, made application to the Municipal Court of Cleveland for leave to become a party defendant and to file an answer and cross-petition against The Indemnity Insurance Company of North America, claiming to have an interest in the controversy which required it to become a party for the protection of its interests.

This application for leave to intervene and become a party defendant was denied, the journal entry being as follows:

"Aug. 7, 1946. To Court: Application of Fidelity & Casualty Co., to become party defendant and file answer and cross-petition denied on sole ground that same cause of action is pending in common pleas court. Other ground not considered, petition and cross-petition ordered stricken. Fidelity & Casualty Co. excepts."

The appeal is from this ruling denying intervention.

The answer and cross-petition presented is a part of the record in this case and sets forth inter alia that one Cary Myles recovered a judgment in the common pleas court of Cuyahoga County against The Lees-Bradner Company, in the sum of Ten Thousand Dollars, for injuries sustained when he was shot by Melvin Meineke, a private policeman, patrolling the premises of The Lees-Bradner Company. The judgment was paid by The Fidelity & Casualty Company of New York as insurer of The Lees-Bradner Company.

It is conceded by the parties that thereafter The Fidelity & Casualty Company of New York commenced suit in the common pleas court against The Indemnity Insurance Company of North America, a defendant in this case, on a $1000.00 private policeman bond, issued by The Indemnity Insurance Company of North America, with Melvin Meineke as principal, and another $1000.00 concealed weapons bond, issued by the same company on Melvin Meineke, claiming to be subrogated to the rights of Gary Myles, under the bonds, by virtue of the payment of the judgment. Thereafter, Gary Myles, the minor, by Meredith H. Myles, his guardian and next friend, brought this action against Melvin Meineke and The Indemnity Insurance Co. of North America, in the Municipal Court of Cleveland, to recover upon the same bonds.

The controversy in this case hinges upon the construction of §11255 GC, which is as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

It has been held that this section adopts the rule in equity which allows all parties interested in the controversy or who are necessary to a complete determination of the questions involved to become parties. See **Penn v Hayward, 14 Oh St 302; Osborn v McClelland, 43 Oh St 284; 1 N. E. 644; Barnes v Christie, 102 Oh St 160, 131 N. E. 352; 107 Oh St 630.**

Apart from the statute, this is the general rule. It is stated in 39 American Jurisprudence p. 939, as follows:

"As a general rule the right to intervene exists in favor of one who claims to be the owner or to have some interest in property which is the subject of litigation, and this without particular regard to the value of the property or the right claimed therein."

It has also been held that §11255 GC contemplates that one sought to be made a defendant shall have an interest adverse to plaintiff, or shall be a person who is a necessary party to a complete determination or settlement of a question involved therein and that the overruling of a motion to intervene as a defendant is a final order from which appeal will lie and that a failure to file a bill of exceptions is not ground for dismissal of an appeal from an order overruling a motion to intervene. In such a case a reviewing court is limited to

a determination of error from the transcript of docket and journal entries and original papers. See **Central Nat'l Bank v Newton Steel Co., 61 Oh Ap 57, 15 OO 83; 22 N. E. (2d) 428.**

The appellant here claims an interest adverse to that of plaintiff and likewise adverse to that of defendant, Indemnity Insurance Co. of North America; that it is entitled to be subrogated to the rights of plaintiff against defendant, Indemnity Insurance Co. of North America, by reason of the judgment of $10,000 recovered against it by plaintiff herein. This claim is denied by plaintiff.

While there is a specific provision for intervention under §11263 GC in an action for the recovery of real or personal property, the courts have not restricted the right of intervention of a third person to such actions.

"Secs. 11255 and 11261 GC relating to parties defendant and to the right of a person claiming an interest to be made a party, provide for the equitable rule which prevailed in chancery practice prior to the adoption of the Code. They confer a discretion in the trial court, but this discretion is not to be arbitrarily exercised; it must be exercised with due regard to established rules, prominent among which is the duty to avoid a multiplicity of suits and to attain a final and complete termination of all questions involved with the least delay and the least possible expense. The court may abuse its discretion in this regard by overruling the motion of one who is a proper but not a necessary party to the determination of the suit." **30 O. Jur. §65, page 794.**

The supreme court in the case of **Lake Erie & Western Railroad Co. v Falke,** and **The Phoenix Insurance Company, 62 Oh St 297, paragraph 4** of syllabus, held:

"4. In an action brought by the owner against the railroad company to enforce such liability, an insurer, having before the termination of the action, made payment to the owner on account of such loss, **should intervene** for the purpose of being subrogated to the rights of the owner to the extent of such payment, and the amount recovered from the railroad company should be adjudged to the owner and the insurer according to their respective interests." (emphasis ours)

In the case of General Construction Company v Village of Lakewood, 17 O. C. C. Rep. (N. S.) 165, this court held: (syllabus 1)

494

"1. Because a judgment against a surety binds the principal having notice of the pending action, and payment thereof by the former may be recouped from the latter, in a suit against the surety alone, the principal has 'an interest in the controversy adverse to the plaintiff' and may therefore become a party defendant."

Construing §11225 GC in consonance with its obvious purpose, and in the light of the authorities cited and quoted, and other authorities to the same general effect, it would appear that in the instant case the appellant comes within the purview of the provisions of §11255 GC, and therefore should be permitted to intervene and file an answer and cross-petition on the ground that the interest of the appellant is adverse to that of plaintiff and also adverse to the defendant, The Indemnity Insurance Company of North America.

In our opinion, the merits of the issue as to the right of the appellant to subrogation are not before this court for adjudication and were not before the trial court because the trial court denied the right of intervention on one ground only, namely, "that the same cause of action" was pending in another court. It is our view that this objection could be raised only by pleading after the allowance of intervention. It is a rule that an objection on this ground can be raised either by demurrer or by answer. By demurrer, when it appears on the face of the petition "that there is another action pending between the same parties for the same cause" and by answer, "when the objection does not appear on the face of the petition." In this manner an issue would thereby be properly joined for adjudication according to law.

It is of paramount importance, in our system of jurisprudence, that every person shall have a right to his day in court on any justiciable issue. To secure this right and to provide for orderly process, Ohio has adopted a Code of Procedure which should be followed by our courts. In doing so it is necessary to distinguish between the right to an adjudication upon issues properly joined and the denial of a right to intervene and join issues; the first grants to the party his day in court, the latter denies it. It would appear in this case that the trial court decided an issue before it was joined by proper pleadings, thereby denying the appellant its day in court in the manner provided by our Code of Civil Procedure.

There is another question which has not been argued by counsel, which actually arises from admissions of counsel in open court and by way of briefs. An action was brought and is now pending in the common pleas court, by The Fidelity &

Casualty Company of New York against The Indemnity Insurance Company of North America on the two bonds, but Gary M. Myles the plaintiff in this case, was not made and is not a party in the case pending in common pleas court.

Clearly there can be but one recovery against The Indemnity Insurance Company of North America on the two bonds sued upon in this case. $1000.00 is the limit of the Indemnity Insurance Company's liability on each bond. If plaintiff recovers a judgment in this case it is obvious that payment of the judgment would bar any right of the Fidelity & Casualty Company of New York to recover on the same bonds. How, then, is the Fidelity & Casualty Company of New York to protect itself unless it is permitted to intervene in this case?

There are really only two issues to be determined in this case. First, is the Indemnity Insurance Company of North America liable on the bonds? On this issue the plaintiff and the Fidelity & Casualty Company, the intervenor, are in agreement. The second issue is: If the Indemnity Insurance Company of North America is liable on the bonds—Who is entitled to make collections on the bonds, the plaintiff or the Fidelity & Casualty Company of New York?

It should require no argument that this question should be determined in one action in which both plaintiff and the insurance company, intervenor, are parties. This result is not only permitted but is required by §11255 GC.

In conclusion, we emphasize the fact that we do not now determine the right of the appellant to subrogation or the rights of the parties in the pending litigation in any respect. We are holding, merely, that the parties are entitled to have an adjudication of their claims. An adjudication on merits of the cause will depend upon the issues which may be raised upon the allowance of the filing of a cross-petition and the evidence which may be adduced in support of the respective claims of the parties.

The judgment of the Municipal Court is therefore reversed and the cause remanded with instructions to allow the filing of the answer and cross-petition and for further proceedings according to law.

MORGAN, J, concurs. SKEEL, PJ, dissents.

## DISSENTING OPINION

SKEEL, P. J. (Dissenting):

The facts as stated by the majority opinion must be supplemented in order to present the legal question here presented.

In analyzing the answer and cross-petition presented by The Fidelity & Casualty Company of New York, in seeking to become a party defendant, its claim to the exclusive right to the cause of action of the plaintiff against Melvin William Meineke and The Indemnity Insurance Company of North America the defendants herein, is based on the following circumstances: The Lees-Bradner Company secured the services of one Meineke as a private policeman through the Continental Patrol & Investigating Company to patrol and protect its property as a private policeman. In order to be permitted to carry a revolver in the course of his employment, Meineke was commissioned a private policeman by the Safety Department of the City of Cleveland and was therefore required to comply with §12819 GC by furnishing a bond in the sum of $1000.00 to the satisfaction of the clerk of Cuyahoga County, conditioned (as provided by said section) "to save the public harmless by reason of any unlawful use of such weapons carried by them * * * ." This section further provides in part that:

"* * * * * any person injured by such improper use may have recourse on said bond."

A like bond was given by Meineke under the provisions of a municipal ordinance of the City of Cleveland requiring a private policeman to furnish a $1000.00 bond upon like conditions upon being so commissioned. The Indemnity Insurance Co. of North America became surety for Meineke on both of said bonds which were executed, approved and delivered to the proper authorities as provided by §12818 GC and said city ordinances.

That Meineke while acting in the course of his employment as private policeman on the premises of Lees-Bradner Company, then and there being armed with a revolver, wrongfully and negligently shot and injured Gary M. Myles, a minor, who at that time was under the age of 21 years. That said Myles brought action against The Lees-Bradner Company for damages sustained because of the wrongful and negligent acts of said Meineke, while acting as a private policeman in and about the property of The Lees-Bradner Company and upon the trial of such cause recovered a judgment in the sum of $10,000.00. That The Fidelity & Casualty Company of New York had, prior to the date that Gary M. Myles was injured, as above set forth, issued a policy of insurance to The Lees-Bradner Company, thereby agreeing to indemnify such company against loss or damage it might sustain under certain conditions which in-

cluded the circumstances of the claim of Myles and that it was therefore obligated to and did pay the judgment entered for Myles against The *Lees-Bradner Company in the sum of $10,000.00 to the Guardian of Gary M. Myles and also paid the court costs incurred in said action. That by reason of such payments The Fidelity & Casualty Company of New York is subrogated to the rights of Gary M. Myles and that it and not Gary M. Myles is entitled to the proceeds of the bonds above described.

The Fidelity & Casualty Company of New York stands in the position of The Lees-Bradner Company in making any claim of being subrogated to the plaintiff's rights. This must be so because the allegations of its petition are based on the fact that it paid a debt which, by the judgment of the court of competent jurisdiction, The Lees-Bradner Company owed. It seems elemental that one cannot claim the right of subrogation when the basis of such a claim is founded upon the fact that he paid his own debt to the plaintiff. To say that The Fidelity & Casualty Company of New York is subrogated to the rights of plaintiff because it discharged a debt to plaintiff which is due because of the wrongful conduct of its assured, is to confuse legal terminology. It is clear, therefore, that the cross-petition of the Fidelity & Casualty Company of New York does not state a cause of action on its claim of intervention.

Plaintiff's petition against Melvin Meineke and The Indemnity Insurance Company of North America is based solely upon the theory that because of the illegal and unjustifiable use of a 38-calibre revolver, Melvin Meineke, while acting as a private policeman, violated the provisions of said bonds, whereby the plaintiff was injured, and the penal sums of said bonds became due and payable to him. In other words, it is the claim of plaintiff that the penal sum of the bonds is due to one who is injured by the wrongful use of a fire-arm by a private policeman while acting in that capacity because of the provisions of the statute and the ordinance under which each of such bonds were given, entirely separate and apart from his right to an action at common law based upon negligence.

Whether or not the plaintiff's petition states a cause of action is indeed doubtful, but we are not called upon to determine that question in this proceeding. The question here presented is whether or not The Fidelity & Casualty Company of New York, which claims to be subrogated to the rights of Gary M. Myles in his claims against The Indemnity Insurance Company of North America on the ground that as the insurer of The Lees-Bradner Company it has paid the judgment to Myles in his common law action against The Lees-Bradner Company,

is for that reason entitled to intervene and. try out its rights to the proceeds of the bonds above described.

If the liability of the Indemnity Company of North America under the bonds, given by virtue of the requirements of the General Code of Ohio and the Ordinances of the City of Cleveland, is only to protect one who has not been paid damages sustained because of the improper use of a weapon carried by a private policeman, then clearly plaintiff must fail in this action because as is established by the record, the plaintiff has had his day in court and his damage has been paid in his common law action against The Lees-Bradner Company. But that is not the case the plaintiff has attempted to plead. The Fidelity & Casualty Company of New York could have no interest in a judgment on the bonds if the liability thereunder is confined to the theory of this case as pleaded by the plaintiff, nor could judgment against the plaintiff on his petition in this case in any wise bar The Fidelity & Casualty Company from seeking to subject the proceeds of said bonds in part payment of the amount it has expended in satisfying plaintiff's judgment against The Lees-Bradner Company. The party primarily liable to the plaintiff in the action plaintiff filed against The Lees-Bradner Company was Melvin William Meineke who actually injured the plaintiff. The Lees-Bradner Company was only secondarily liable to the plaintiff in the common law tort action and The Fidelity & Casualty Company of New York would be subrogated to such rights of The Lees-Bradner Company (after paying the judgment, as The Lees-Bradner Company) would have had against Melvin Meineke. Under these circumstances, if The Lees-Bradner Company could have legally claimed the proceeds of the bonds, then The Fidelity & Casualty Company of New York would have a good cause of action against The Indemnity Company of North America. But, as the record discloses, The Fidelity & Casualty Company of New York has an action pending against the Indemnity Insurance Company of North America in common pleas court seeking to collect the proceeds of the bonds upon such theory.

From the foregoing it is clear that the respective claims of Gary M. Myles and The Fidelity & Casualty Company of New York against Melvin Meineke and The Indemnity Insurance Company of North America are totally different and a judgment for or against either claimant would not affect the rights of the other. Secs. 11255, 11261 and 11263 GC referred to in the majority opinion, were not intended to include or compel parties to be joined in a cause of action where the claims of such parties are in no sense the same. The plaintiff in this case should be permitted to litigate the issues be-

tween himself and the defendant, The Indemnity Insurance Company of North America without being impeded by totally different claims of another party, particularly when the other party seeking to intervene, has a suit pending in another court of competent jurisdiction wherein he seeks to litigate his rights in the matter.

In the case of **Hillier et al v Stewart et al, 26 Oh St 652,** the plaintiffs brought an action against defendants on a promissory note. The plaintiffs in fact received said note as a part of their distributive share of the estate of Daniel Stewart, deceased. While the case was pending, Nelson L. Hillier, Johnson M. Welch and Joseph L. Kissinger were, on their own motion, made parties defendant and given leave to file answers and cross-petitions over the objection of the plaintiffs, by which they alleged that through the fraud of the executors of the estate some of the beneficiaries had been overpaid and that there were insufficient funds to make up the ratable share of Nelson L. Hillier, who was alleged to be entitled to 1/14th of the residuum, he having assigned an undivided share thereof to Welch and Kissinger and that the assets set apart and divided among the other legatees remained charged with the original trust. The executors of the will of Daniel Stewart and the children and representatives of the testator were made parties to the cross-petition which contained a prayer for an accounting and general relief. The court held in the first paragraph of the syllabus as follows:

"1. In an action on a promissory note by the holder against the maker, it is irregular and improper for the court to let in a new party on his own motion and against the objection of the plaintiff, with leave to file an answer and cross-petition to contest the bona fides of the plaintiff's title to the note and to assert therein an equity of the cross petitioner derived through the plaintiff's assignor, who is also a necessary party to the determination of the case made in the cross-petition. Such relief should be sought by an original petition."

In the case of Dechert v Pratt, 44 N. Y. S. (2d) 475 (1944) the court held in defining the rights of one not a party, to intervene, that the interest required in pending litigation so that under statutory provision authorizing one not a party to action to move to intervene, must be a direct interest in the cause of action pleaded and which would put intervenor in legal position to litigate a fact alleged in the complaint without establishment of which plaintiff would not recover, but interest

in outcome is not sufficient. The rule as thus stated seems to be in accord with the great weight of authority.

McKing v Supreme Lodge, A. O. U. W. 180 Fed. 961.

Welkins v Citizens National Bank of Rockwell, 115 S. W. 304, 53 Tex. App. 437.

In the case Brune v McDonald, 75 Pac. (2d) 10, (supreme court of Oregon, 1938) plaintiff brought an action against McDonald claiming damages for personal injuries while driving with McDonald, as his guest on an automobile trip around Mt. Hood. The Pacific Indemnity Company had issued a policy of insurance to defendant, McDonald, insuring him against loss by reason of liability imposed by law in the use of said automobile. The said insurance company petitioned the court for leave to intervene and filed an answer to plaintiff's petition which in effect challenged plaintiff's right to recover, alleging that plaintiff's claim was fraudulent and if she did recover it would be liable under its policy of insurance. The court held in denying the insurance company's right to intervene as disclosed by the second paragraph of the headnotes in the case:

"A right or interest which will authorize a third person to intervene must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation of the judgment."

In the case of Cornhusker Electric Co. v City of Fairbury, 270 N. W. 182 (1936) the supreme court of Nebraska clearly held that one who seeks to intervene must establish such right by the allegations of the answer and cross-petition which he desires to file in the cause. In other words, the intervenor must plead some interest in the subject matter of the litigation, by the allegations of the cross-petition which he seeks to file, which, if true, would give him a right to come into the suit which the plaintiff has filed and such cross-petition must contain allegations of fact and not conclusions of law or mere denial of plaintiff's rights.

See also: Landis v Glessner, 200 Atl. 899, (superior court of Penna. 1938) where the court at page 901 said in part:

"* * * if the applicant had been allowed to intervene it would have been necessary for it to adopt the existing pleadings. No additional matter changing the original issue could have been set up."

See also: Kane v Church, 131 S. W. (2d) 400.

There is no bill of exceptions in this case so that we are unable to review the question as to whether the court was

correct in its conclusions that the Fidelity & Casualty Company of New York would not be permitted to intervene because of its pending action against The Indemnity Insurance of North America in the common pleas court of Cuyahoga County, in which action the plaintiff seeks to collect the proceeds of the bonds above described because of its having paid the judgment to Gary M. Myles against The Lees-Bradner Company. But, regardless of whether or not such judgment can be supported on that ground, the judgment refusing The Fidelity & Casualty Company of New York the right to intervene was correctly decided because the cause of action it proposes to litigate against the Indemnity Insurance Company of North America as shown by the record is not the same as that attempted to be stated in plaintiff's petition.

For the foregoing reasons the judgment should be affirmed.