**WITTKAMP, Plaintiff, v. WITTKAMP et, Defendants.**

Common Pleas Court, Franklin County.

No. 190848. Decided November 10, 1954.

606

Smith, Clark & Holzapfel, Columbus, for plaintiff.
A. Millard Armstrong, Columbus, for defendants.

## OPINION

By BARTLETT, J.

DEMURRER TO THE PETITION OVERRULED.

The basis of the demurrer to the petition by Richard Frank Wittkamp, is that the petition does not state a cause of action against him.

The petition avers that on August 11, 1939, the plaintiff conveyed the real estate in question to her son, Frank R. Wittkamp and his wife, the defendant Adelaide Wittkamp. based on the consideration that her son and his wife would support the plaintiff with the ordinary necessaries the rest of her life.

The petition further avers that Frank R. Wittkamp died intestate November 16, 1949, leaving his surviving spouse, the defendant Adelaide Wittkamp and the defendant Richard Frank Wittkamp as his sole heir at law; and that the record title to said premises now stands three-fourths in the name of said Adelaide and one-fourth in the name of said Richard Frank Wittkamp.

The petition avers she has not been furnished said ordinary necessaries of life since May 21, 1954. when she was driven from said premises by the defendant Adelaide Wittkamp.

The petition prays the contract of support be rescinded, the defendants ordered to re-convey said premises to plaintiff, and that the Court fix the reasonable value of such support furnished the plaintiff pursuant to said agreement, etc.

The basis of the demurrer to the petition is that the defendant, Richard Frank Wittkamp was not a party to the alleged agreement of his father and mother to support the plaintiff as set forth in the petition.

It is true, of course, that the defendant Richard Frank Wittkamp was not a party to the agreement to support his grandmother as the consideration for the conveyance of the premises in question to his parents; but he stands in the relation of privity in blood with his ancestor, his deceased father.

"When the term 'privity' is considered in respect to its relationship to estates in realty it must be understood that it implies succession; that is, successive ownership or possession of the identical estate in the same property. In other words, he who is in 'privity' with another in respect to an estate, stands in exactly the same position with regard thereto as did his predecessor in title; he takes the estate with all the burdens and benefits attending it. If the estate be burdened or benefited by an easement it may be litigated but once, for its establishment or denial becomes binding upon all thereafter who are in privity with the contesting predecessors in title. If one in the course of title has a right in respect to his estate which he might assert as against another his successor may assert that right unless it be lost by laches, by lapse of time or by operation of law." **57 Oh Ap 265, 271, Bailey v. Stedronsky, et al.**

"Privity in blood denotes the privity between heir and ancestor and coparceners. A privy in blood derives his title by descent." 72 C. J. S. 961.

"The heirs of an ancestor stand in the shoes of their ancestor, with such rights as he had, and they take his rights, if any, by descent; * * * Heirs also hold inherited property subject to the conditions and equities attached to it, and encumbered with all the liens existing thereon in the lifetime of their ancestor. If a debt is an equitable lien on land, it must continue so in the hands of the heir, for at the death of the holder of the title all his legal and equitable rights pass, by operation of law, in the same state in which he held them. For example, where a son takes a conveyance of his father's land under an agreement to support his parents, if the son dies leaving a child and widow, and the widow continues the advances for support to save her dower and the child's interest, and the child dies and the property goes to his uncles, they take subject to such advances and the future support of the parents." **14 O. Jur. Descent and Distribution, Sec. 121, p. 253.**

"Binding on the heirs, as representatives of their ancestor, are the contracts, conveyances, deeds, and liabilities generally of their predecessor." Ibid, Sec. 124, p. 256.

"At common law, an heir was bound for the debt of his

ancestor only where he was bound by the terms of the contract, or by a bond, and in such case not beyond the assets or estate descended from that ancestor." Ibid. Sec. 134. p 266.

"In Ohio law, neither the legal heir nor the administrator succeeds the decedent so as to be individually liable for his debts, but the heirs remain liable to the full extent of the assets received from the estate of the ancestor." Ibid, Sec. 135, p. 267.

"Where lands held in trust descend to the heirs, the trust may be enforced against them." Ibid, Sec. 123, p. 255.

"The heir of the trustee, on the death of the latter, takes the legal title to the trust res charged with the trust." **40 O. Jur., Trusts, Sec. 225, p. 522.**

"The ground of privity is property, not personal relation, and it relates to persons in their relation to property, and does not relate to any question, claim, or right independent of property." 72 C. J. S. Privity; Privies; Privy, p 956.

In other words, as to its object, the instant case is more in the nature of a proceeding in rem rather than an action in personam. The function of the instant case is to determine the status of the property in question, and not to acquire a personal judgment against the defendants.

Action for alimony and support of child against a husband who deserted his family and became a non-resident. where the only relief sought is the appropriation of real property of the husband, to the payment thereof, is substantially one in rem. **Benner v. Benner, 63 Oh St 220.**

So in the instant case, the primary. relief sought, is to apply the property in question to the support of plaintiff. based upon the alleged consideration for the deed from plaintiff to her son and daughter-in-law; and in no sense attempts to make either of the defendants personally liable therefor.

The Court is constrained to and does hereby overrule the demurrer to the petition. Entry accordingly with exceptions by counsel for defendants.