Terry **ELKIN**, Appellant,

v.

Sylvan **SANDERS** et al., Appellees.

No. 7536.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 15, 1965.

Rehearing Denied Dec. 13, 1965.

**310**

Leonard Howell, Lynch & Chappell, Midland, for appellant.

Crenshaw, Dupree & Milam, McWhorter, Cobb, Johnson & Cobb, Evans, Pharr, Trout & Jones, W. D. Benson, Jr., Lubbock; Carrington, Johnson & Stephens, Walker, Shoptaw & McClain, Dallas, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Waggoner Carr, Atty. Gen., Hawthorne Phillips, Tibby Wright, Paul Phy and J. Gordon Zuber, Asst. Attys. Gen., Austin, for appellees.

NORTHCUTT, Justice.

This is a will construction case. The principal questions to be decided are (1) which devisees must bear the debts and expenses of administration and in what proportions; and (2) which devisees must bear the estate and inheritance taxes and in what proportion. The answer to these questions rests upon the construction of the will of Lula Elkin Sanders who is hereinafter referred to as the testatrix.

By her will under Provision III the testatrix devised one-half of her separate property to Terry Elkin, her uncle. Under Provision IV of her will she provided as follows:

"All the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated, I give, devise and bequeath to the Trustees hereinafter named IN TRUST, to be known as the LULA ELKIN SANDERS TRUST, for the following uses and purposes, and upon the following terms and conditions, to-wit:

(a) Said Trust shall be for the benefit of my husband, Sylvan Sanders, during his lifetime, and upon his death, for the benefit of the other beneficiaries hereinafter named.

(b) During the lifetime of my said husband, my Trustees shall manage, collect, hold, invest and reinvest the assets of said Trust, and collect the

income therefrom, and shall pay over to my said husband, Sylvan Sanders, from time to time, such portions of the net income of said trust, as, in the discretion of the corporate trustee, shall be sufficient to enable my said husband to maintain the same standard and manner of living that we enjoyed at the time of my death, when taken in connection with the income otherwise available to him. In the event the income from the Trust should, in the discretion of the corporate trustee, at any time be insufficient to enable my said husband to maintain said standard and manner of living, then in such event, the trustees shall pay over to my said husband such portions of the principal of the trust estate as, in the discretion of the corporate trustee, are required to enable him to maintain said standard and manner of living. The discretion of the corporate trustee shall be conclusive as to the necessity of making any such payments from income or principal, and as to the amount of such payments, if any.

(c) Upon the death of my said husband, said Trust shall terminate, and the assets thereof shall pass to and vest in the following beneficiaries to-wit:

(1) Those assets in the hands of the trustees which constituted part of my separate estate at the time of my death and those assets in its hands which represent the proceeds of a sale or exchange of assets which constituted part of my separate estate at such time shall vest one-fourth (¼) in the Juliette Fowler Home at Dallas, Texas; one-fourth (¼) in the Shrine Crippled Children's Hospital at Dallas, Texas; and one-half (½) to Nell Boyd Snyder, if living, and if not to her issue, per stirpes.

(2) All other assets in the hands of the trustees shall vest one-half

(½) in the Lubbock View Christian Church and one-half (½) in Cal Farley's Boys Ranch in Tascosa, Texas."

As to which devisee should bear the estate and inheritance tax and in what proportion the construction of the following provision of the will is in dispute:

"Each charitable organization named as a beneficiary hereunder shall use the assets received by it by virtue hereof within the State of Texas. Each beneficiary of this Will shall bear the proportionate part of any Estate Tax and/or Inheritance Tax imposed on my estate attributable to his or her portion of the estate. (For clarification of this provision, a charity whose bequest qualifies as a charitable deduction for Estate Tax and Inheritance Tax purposes shall not contribute to such Estate Tax or Inheritance Tax). Notwithstanding, the foregoing provision, it is not my will that any Federal Estate Tax or State Inheritance Tax be paid by my said husband, Sylvan Sanders, by reason of the benefits provided for him in this Will, and in the event the said Sylvan Sanders should survive me, said Estate Taxes and Inheritance Taxes shall be paid out of that portion of my estate not devised to my said husband.

My executor and my trustees are directed to take such steps as are necessary to cause the burden of such taxes to be borne as above provided, including the withholding of funds, the diversion of income, or any other steps necessary or appropriate for such purpose."

The trial court held in part as follows:

"First: In view of the unambiguous provisions of the will with reference to the fact that the beneficiaries which

are charities are not to have charged against their parts any Estate or Inheritance Taxes, and the interest of Sylvan Sanders is not to be charged with any such taxes, the interests of Terry Elkin and Nell Boyd Snyder are ordered to bear all of such taxes in the proportions heretofore fixed by the Executor of said Estate, and the amounts set forth in the Federal Estate and State Inheritance Tax returns charged to Terry Elkin and the other Beneficiaries are in all things approved by this Court;

Second: The wording of the will of Lula Elkin Sanders, Deceased, when considered as a whole clearly does not grant unto Terry Elkin a specific bequest of property and to the remaining beneficiaries a residual bequest in such a manner as to require all debts and administration expenses to be charged against the interests of the residual beneficiaries exclusively. The court holds and determines that all debts and administration expenses be borne proportionately among all beneficiaries.

Third: The series "E" bonds in the amount of $17,498.00, which were designated in the will of Lula Elkin Sanders, Deceased, as a part of her separate property, are determined and found by the Court to be "or" bonds, and taxable as a part of the Estate for estate tax purposes, and the said taxes are properly apportioned between Terry Elkin and Nell Boyd Snyder in the proportions described in paragraph First, above;"

From that judgment Terry Elkin hereafter referred to as appellant perfected this appeal. Although appellant presents this appeal upon twenty-six assignments of error, we believe, and so hold, that the sole questions here involved are whether the court erred in holding under the will appellant was not granted a specific bequest of property; and to the remaining beneficiaries a residual bequest in such a manner as to require all debts and administration expenses to be charged against the interest of the residual beneficiaries exclusively; and in holding all debts and administration expenses to be borne proportionately among all beneficiaries; and in holding that all estate and inheritance taxes to be paid from the interest willed to Terry Elkin and Nell Boyd Snyder in the proportions fixed by the executor of said estate.

The first paragraph of the will here involved directed that all her debts be paid. There was no provision made that the debts should be paid from any certain funds or property. The devisees were not personally liable for the testatrix' debts but those to whom testatrix was indebted could enforce their claims against the property in the hands of the devisees. McFarland v. Shaw, Tex.Com.App., 45 S.W.2d 193. Section 37 of the Probate Code, V.A.T.S., provides when a person dies, leaving a lawful will, all of the estate devised vests immediately in the devisees subject, however, to the payment of the debts of the testator. We are of the opinion, and so hold, the court was correct in this case in holding that all debts be borne proportionately among all of the beneficiaries.

Appellant has chosen to take under the terms of the will in question. Consequently, he must abide by the terms of the will interpreted from its four corners. A testator's right to bestow his property by will at death is as absolute as a right to convey it during his lifetime. In re Caruthers' Estate, Tex.Civ.App., 151 S.W.2d 946. It is the contention of appellant that he should not be held responsible for the estate and inheritance taxes as to the "E" bonds which the court held were "or" bonds because such bonds were no part of testatrix' estate and neither did he receive any portion of said bonds. It was held in the

case of Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779, as follows:

" 'It has been said: "The term 'death duties' embraces all duties occasioned by death, and hence embraces probate and estate duties, and also legacy and succession duties. A probate duty and its successor, the estate tax, is a tax upon the transmission of property by a deceased person. *Such tax is charged upon the whole estate, regardless of the manner in which it is to be distributed.* It is not a tax on what comes to the beneficiaries or heirs, but upon what is left by the decedent. It is treated as an expense of administration, as a proper disbursement by an executor or administrator, for which he will be allowed credit in his account. The estate tax must be measured by the property transferred by the decedent, that is to say, the net estate ascertained in the manner prescribed, and takes no account of the relationship of the recipient or of the amount he takes. The tax comes into existence before and is independent of the receipt of the property by the legatee or distributee. A tax imposed upon the clear value of the estate passing from any person who may die seised or possessed thereof is an estate tax, and what passes to the heir or devisee and to which he acquires title is his share of the estate remaining after the payment of the tax. * * *" ' (Emphasis ours)."

It is stated in the case of Matthews v. Jones, Tex.Civ.App., 245 S.W.2d 974 as follows:

"It is urged by appellants that the will of Percy Jones 'made no provision, ambiguous or otherwise, as to apportionment of the burden of debts, expenses of administration or taxes among the beneficiaries' and that 'the court should have placed the burden, as a matter of law, and not of construc-tion;' that, as a matter of law, the property devised in trust for the widow should be charged with a pro rata share of such items. The determination of the question here presented hinges upon the intention of the testator as expressed in the will, as evidenced by its terms when considered as a whole if his intent can be determined therefrom."

In Paragraph X of the will it is provided that each beneficiary of the will is to bear the proportionate part of any estate tax and/or inheritance tax imposed on testatrix' estate attributable to his or her portion of the estate then proceeds to explain what she meant as to such matters. Testatrix willed an *undivided* (emphasis ours) one-half of her separate property to the appellant. All the rest of her property she willed in trust for the benefit of her husband, Sylvan Sanders, then it provided that none of the Federal Estate Tax or State Inheritance Tax be paid by her husband, Sylvan Sanders, but that such taxes should be paid out of that portion of her estate not devised to her husband. The will further provided that the beneficiaries which were charities were not to bear any of the taxes. The only ones receiving under the will were those classified as charities, Sylvan Sanders, appellant and Nell Boyd Snyder. Since the charities and Sylvan Sanders were not to pay any of the taxes there was no other property from which to pay the taxes other than that received by appellant and Nell Boyd Snyder. We are of the opinion, and so hold, the testatrix had the right under her will to specify from what property the taxes were to be paid and that the trial court placed the proper construction upon the provisions of the will. We have carefully considered all of appellant's assignments of error and overrule each and all of them.

Judgment of the trial court is affirmed.