GULF INSURANCE COMPANY,
Appellant,

v.

J. W. BLAIR, Appellee.

No. 19972.

Court of Civil Appeals of Texas,
Dallas.

Oct. 9, 1979.

Rehearing Denied Nov. 9, 1979.

Gary W. Maxfield, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellant.

George W. Irwin, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Gulf Insurance Company, appellant, surety on the temporary administrator's bond of J. D. Terry, appeals from a judgment holding Terry liable for losses of $25,000 to the estate of Bobby Joe Hopson, deceased. J. W. Blair, appellee and successor administrator of the estate, sued on behalf of the estate to recover funds of the estate wrongfully expended. The trial court rendered

judgment for Blair against Terry for $10,-041.27 and against Terry and appellant for $25,000. Only the surety appeals. Appellant argues the judgment is not supported by sufficient evidence and that the court erred in holding appellant liable for a tax claim against the estate. We find evidence in the record to support a $25,000 judgment against the surety and affirm.

Terry was appointed temporary administrator of Hopson's estate on January 24, 1975. His order of appointment gave him the power to pay the obligations of Hopson Brothers Plumbing Co., which the deceased owned, and recited that he was to serve as temporary administrator until a permanent administrator was appointed, *but in no event beyond March 31, 1975*. Terry then executed a temporary administrator's bond with appellant as surety in the amount of $25,000. Although on March 24, 1975, Terry was appointed permanent administrator, he did not qualify for this position by obtaining another bond. He filed an "Inventory, Appraisement and List of Claims" on June 25, 1975. On June 4, 1976, Terry was removed as permanent administrator, and J. W. Blair was appointed successor administrator and sued Terry and appellant for losses to the estate resulting from Terry's actions.

The trial court filed numerous findings of fact and conclusions of law which are uncontested. The court found that Terry never filed any sworn lists, returns, exhibits or accounts of his acts as temporary administrator. It also found that Terry and the deceased's widow, Dorothy Hopson, agreed to operate the deceased's plumbing business without court authority, and that Terry and Dorothy Hopson opened a bank account to carry on the plumbing business. Another uncontested finding is that Terry did not obtain court authority for the payment of any claim or debt of the estate.

We first address appellant's points attacking the court's findings that Terry is liable to the estate for the United States claim of $22,041.27 for unpaid social security and withholding taxes. Appellant's primary argument is that the surety can be liable only for the temporary administrator's actions occurring before March 31, 1975, the last date Terry was to act as temporary administrator according to the terms of the order. Because the liability for unpaid social security and withholding taxes occurred subsequent to March 31, 1975, appellant contends the surety cannot be liable for any of these unpaid taxes. We cannot agree.

■■■ Terry is liable to the estate for any losses he caused after March 31, 1975, because Terry failed to file a final accounting required by Tex.Prob.Code Ann. § 134 (Vernon 1956), or any report with the judge, and failed to obtain court orders approving the final report and discharging him. *See Hill v. MaGee*, 76 S.W.2d 579, 580 (Tex.Civ.App.—Waco 1934, writ ref'd). The question then is whether the surety is liable for these acts after March 31, 1975. A surety's liability is dependent on the terms of the bond. *See Shaw v. O'Sullivan*, 334 S.W.2d 223, 224 (Tex.Civ.App.—El Paso 1960, writ ref'd n. r. e.); *Scruggs v. Rowe*, 147 S.W.2d 946 (Tex.Civ.App.—Galveston 1941, writ dism'd judgmt cor.). The words penned in the typewritten order of appointment "but in no event beyond March 31, 1975" conflict with the provisions of Tex. Prob.Code Ann. § 131(c) (Vernon 1956) and are therefore a nullity as a court cannot attach to an order granting administration any conditions save as are provided by law. The bond Terry executed with appellant states that appellant is bound to the Collin County Judge for $25,000, conditioned that Terry "shall well and truly perform all the duties required of him by law under said appointment," but mentions no time frame. Since the bond here contains no language limiting the period of liability but assures that Terry will perform his duties under the appointment, we hold that the surety is liable for losses to the estate occurring after March 31, 1975. The order of appointment itself states the bond "shall be continued in force for such period of time as the court shall deem of interest to the estate involved . . . ." Furthermore, Tex.Prob.Code Ann. § 135 (Vernon 1956) recites that upon

proof of delivery of an accounting, the appointee shall be discharged and "the sureties on his bond released as to any future liability." As we read this language, the surety can only be released upon discharge of his principal in the absence of a contrary provision in the bond. Consequently, appellant is liable for these claims.

■ Appellant's second argument concerning its liability for the tax claims is that the claim is not a debt of the estate. Appellant does not dispute that Terry continued to operate the deceased's plumbing business with Dorothy Hopson, and that he did not remit social security and withholding taxes on the salaries paid to employees. Whether this claim was properly allowed against the estate, the court approved the claim pursuant to Tex.Prob.Code Ann. § 312(d) (Vernon 1956), and the order therefore has the force and effect of a final judgment. *See Usher v. Wendell,* 430 S.W.2d 684, 687 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). Since the estate did not appeal from the order, the order is a binding claim which the estate is obligated to pay. Consequently, Terry's continuation of the business without authority resulted in a $22,041.27 loss to the estate, and appellant is obligated on its bond to reimburse the estate for its loss due to Terry's actions while acting as administrator.

■ The trial court also found that Terry had not accounted for $11,500 of accounts receivable which were reflected on the inventory he filed June 24, 1975. While the record is unclear as to what the estate consisted of at the time Blair took over as administrator, we find sufficient evidence to support the court's finding. Terry has not produced these funds and has filed no claims with the court to show this money was expended to pay expenses of the plumbing business in existence at decedent's death. In the absence of filing such claims or an account, Terry had the burden of producing evidence of the use of this money. *Scott v. Taylor,* 294 S.W. 227, 230 (Tex.Civ.App.—Amarillo 1927, no writ). He testified that the money was used to pay

operating expenses, but the court found, and we agree, that it is impossible to determine what amounts paid by Terry were for debts existing prior to decedent's death, and what amounts were used to pay the debts due to Terry's continuation of the business. We therefore affirm this holding of the court.

Appellant argues that Terry can be held accountable for only some $6,000 of accounts receivable because these accounts were community property. We need not determine that question because, even if only $6,000 is involved, sufficient evidence exists in the record to affirm the judgment of liability of the surety in the amount of $25,000. We also overrule appellant's other points for the same reason.

Affirmed.