**Mrs. Alibe Carter BAILEY, et al., Appellants/Appellees**

v.

**CHEROKEE COUNTY APPRAIS-AL DISTRICT, et al., Appel-lees/Appellants.**

No. 12–89–00225–CV.

Court of Appeals of Texas, Tyler.

Sept. 6, 1991.

Rehearing Denied Nov. 14, 1991.

William E. Bailey, Dallas, for appellants, appellees.

F. Duane Force, Austin, Tab Beall, Tyler, Rodney B. Dowd, Longview, for appellees, appellants.

COLLEY, Justice.

Defendants/Appellants, Mrs. Alibe Carter Bailey, the surviving wife of W.E. Bailey, deceased, William E. Bailey and Robert E. Bailey, heirs at law of the intestate W.E. Bailey (hereinafter referred to collectively as "Appellants" or "Bailey"), bring this appeal from a summary judgment granted on July 28, 1989 by the district court of Cherokee County, Texas. The judgment ordered foreclosure of the tax liens held by appellants (hereinafter sometimes called taxing units), but denied the taxing units' prayers for personal judgment against appellants, jointly and severally. We will reverse and remand.

Appellants present two points of error. First, they argue that the summary judgment is void because the district court lacked subject matter jurisdiction. Second, they argue that the court erred "in failing to grant [their] ... motion for plea in abatement and dismissal of cause."

Appellees, Cherokee County and Cherokee County Appraisal District, both advance a cross-point of error by which each claims that the court erred in denying its motion for summary judgment insofar as it sought a personal judgment against the appellants, jointly and severally. The City of Jacksonville, by a separate appeal, claims that the trial court erred in "failing to enter a personal judgment against each ... [appellant]," and in fixing "post-judgment interest at 10% ... instead ... [of] post-judgment interest consistent with the Texas Property Tax Code [§] 33.01."

The Texas Supreme Court in *Cove Investments, Inc. v. Manges*, 602 S.W.2d 512, 517 (Tex.1980), declared that if a point of error in a summary judgment case complains that " 'the trial court erred in granting a motion for summary judgment' all grounds expressly raised in the trial court may be argued." *Id.* The Court, in so holding, relied on TEX.R.CIV. P. 166–A(c), (now Rule 166a(c)).

■ In the case before us, the appellants in their response to the motions for sum-

mary judgment expressly raised only two issues, (1) the district court had no jurisdiction over the delinquent taxes because an administration of the estate of W.E. Bailey, deceased, was pending in the Cherokee County Court at Law at the time the suit was filed in the district court, and under former TEX.PROB.CODE ANN. § 5(d)[1] "[a]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate," and (2) they were not personally liable for the payment of the delinquent taxes. Appellants also contended in their response that former TEX.PROB.CODE ANN. § 5A(b) likewise supports their claim that the district court lacked subject matter jurisdiction of the delinquent tax suit. Appellants emphasize in their response the language of section 5A(b), reading, "[i]n situations where the jurisdiction of a *statutory probate court* is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate *shall* be brought in a *statutory probate court* rather than in a district court." (Emphasis ours.) It is clear that the position of appellants at trial, as here, is that the statutory probate court instead of the district court had jurisdiction over the cause of appellees.

By such response, the appellants petitioned the district court to "relinquish jurisdiction of the case herein, and that [appellees'] motion be denied."

In our review of the record, we note that appellants have not presented even a "general" point of error claiming that the court erred in granting the motion for summary judgment, but if they have, the only specific ground expressly presented to the trial court was the jurisdictional challenge. It is undisputed that appellees sought a personal judgment against the appellants for the delinquent taxes, penalties, interest and fees, jointly and severally, as well as foreclosure of their respective tax liens against the real property described. It is likewise undisputed that the delinquent ad valorem taxes accrued after the death of W.E. Bailey. We therefore conclude that the record shows as a matter of law that the delin-

---

**1.** Act of May 17, 1979, ch. 713, § 2, 1979 Tex. Gen'l Laws 1740, *amended by* Act of May 27, 1989, ch. 1035, § 2, 1989 Tex.Gen'l Laws 4162, 4163 (Relettering (d) to (e)).

quent taxes, penalties, interest and fees sought did not constitute a debt of the deceased, W.E. Bailey, and therefore were not "claims" against the estate of W.E. Bailey, deceased, as defined in TEX.PROB. CODE ANN. § 3(c) (Vernon 1980). But that is not to say that the county court at law administering the estate would not have had potential concurrent jurisdiction with the district court to entertain the suit for delinquent taxes. However, as we reasoned in *Smith v. Smith*, 694 S.W.2d 426, 429–430 (Tex.App.—Tyler 1985, writ ref'd n.r.e.), regarding the jurisdiction of a constitutional county court, we now conclude that the District Court of Cherokee County had concurrent jurisdiction with the County Court at Law of Cherokee County in the instant suit. Since this cause of action was first brought in the district court, that court had jurisdiction to entertain the suit and to grant the appropriate relief sought by the taxing units, including the rendering of a personal judgment against appellants. *Smith*, 694 S.W.2d at 430. Therefore, we overrule Bailey's points of error and we now turn to consider the City of Jacksonville's two points of error in their separate appeal, as well as the cross-points of error urged by Cherokee County Appraisal District and the County of Cherokee.

■ The City of Jacksonville makes a strong policy argument in favor of a post-judgment interest rate based on TEX.TAX. CODE ANN. § 33.01 (Vernon 1982), which reads in pertinent part as follows:

(a) A delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent.

. . . . .

(c) A delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid.

The City cites no authority in support of its contention other than the foregoing statute, and we have found only two cases that perhaps bear on the issue: *Moody–Seagraves Co. v. City of Galveston*, 43 S.W.2d 967, 971 (Tex.Civ.App.—Galveston 1931, writ ref'd), and *Dallas Gas Co. v. State*, 261 S.W. 1063 (Tex.Civ.App.—Austin 1924, writ ref'd).

In *Moody–Seagraves*, a delinquent tax suit, the court wrote:

We also conclude that there was no error in the judgment of the trial court in adjudging that the total amount of taxes, penalties, and interest found to be due on the property should bear interest from the date of the judgment *at the rate prescribed by the statute.* [2]

*Moody–Seagraves*, 43 S.W.2d at 971 (emphasis ours).

The Court in *Dallas Gas Co.* held that former TEX.REV.CIV.STAT.ANN. art. 4981, a statute from which article 5069–1.05 is derived, authorized recovery by the state of post judgment interest in its judgment for taxes. *Dallas Gas Co.*, 261 S.W. at 1072.

In any event, TEX.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp.1991), fixes the rate of interest earned by judgments. The trial court applied that rate. The Legislature by its enactment of the immediate precursor of this article in 1987 [3] included section 4, in article 5069–1.05 which read, "[t]his article does not apply to a judgment that earns interest that is set by Title 2, Tax Code." This provision was left unaltered by the Legislature in its reenactment of the statute in 1989 which added section 7 to article 5069–1.05, that related to prejudgment interest "in condemnation cases." In our view, these legislative actions demonstrate legislative intent that post-judgment interest rates are fixed by article 5069–1.05 in all cases, except as to a judg-

---

**2.** The opinion in *Moody–Seagraves* recites that post-judgment interest was adjudged at trial at the rate "of 6 per cent. per annum." *Moody–Seagraves*, 43 S.W.2d at 968.

**3.** Act of May 8, 1987, ch. 154, § 1, 1987 Tex. Gen'l Laws 1313, 1314.

ment secured by the state under Title 2 of the TAX CODE. We reject the City of Jacksonville's argument that post-judgment interest rate on judgments secured under the provisions of Title 1 of the TAX CODE are fixed by section 33.01.

We next address the cross-points of appellees Cherokee County Appraisal District and Cherokee County, and the City of Jacksonville's first point of error on appeal that the trial court erred in denying their summary judgment motion to the extent the judgment does not render a personal judgment jointly and severally against appellants for the recovery of the amount of the delinquent taxes, penalties, interest, and fees due each unit in addition to the foreclosure of their respective liens.

TEX.TAX CODE ANN. § 32.07(a)(Vernon 1982) provides that "property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is unpaid." We hold that the court erred in failing to render personal judgment in favor of each appellee. Therefore, we sustain the cross-point errors of Cherokee County Appraisal District and Cherokee County and the first point of error presented on appeal by the City of Jacksonville.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.