Mrs. Alibe Carter **BAILEY,**
**et al., Petitioners,**

v.

**CHEROKEE COUNTY APPRAISAL DISTRICT, et al., Respondents.**

No. D–1893.

Supreme Court of Texas.

Sept. 29, 1993.

Dissenting Opinion of Justice Gonzalez June 3, 1993.

William E. Bailey, Dallas, for petitioners.

F. Duane Force, Peter W. Low, Austin, Rodney B. Dowd, Longview, Tab Beall, Tyler, for respondents.

## OPINION ON MOTION FOR REHEARING

SPECTOR, Justice.

Respondents' motions for rehearing are granted in part and overruled in part. The court's opinion and judgment of June 3, 1993 are withdrawn, and the following is substituted therefor.

This cause presents the question whether a suit to collect ad valorem taxes accruing on estate property during administration is a claim against the estate, properly filed in probate court, or a claim for which heirs are personally liable. The court of appeals held that the heirs are personally liable for the taxes and that a district court has concurrent jurisdiction with a statutory probate court over this matter. 817 S.W.2d 117 (1991). Because we hold that the present suit constitutes a claim against the estate which should have been filed in the probate court in which the administration was pending, we reverse the judgment of the court of appeals and dismiss the taxing authorities' claims without prejudice.

In 1973, W.E. Bailey died intestate in Cherokee County, Texas, survived by his wife, Petitioner Alibe Carter Bailey, and two adult sons, Petitioners William E. Bailey and Robert E. Bailey. At the time of his death, W.E. and Alibe Carter Bailey owned as community property land located in Cherokee County. Alibe Carter Bailey was appointed

administrator of the estate in the intestate dependent administration.

Following commencement of the dependent administration, Respondents, Cherokee County, Cherokee County Appraisal District, and the City of Jacksonville, filed suit in the District Court of Cherokee County against the Baileys jointly and severally, seeking a personal judgment in the amount of $90,-608.48 for tax years 1976–1986, and foreclosure of tax liens for delinquent property taxes, interest, and fees which had accrued subsequent to the decedent's death. The district court rendered a judgment ordering foreclosure of the tax liens, but denied the taxing authorities' prayers for personal judgment against the Baileys. The court of appeals reversed and remanded, holding that the taxing authorities were entitled to the personal judgment. 817 S.W.2d at 120.

I.

■ Taxes accruing during the pendency of administration are generally charged against the estate. *See Blanton v. Mayes,* 72 Tex. 417, 420, 10 S.W. 452, 453 (1889) ("Taxes due at the date of the death of the testator, and those subsequently accruing, would constitute debts of the estate...."). The Probate Code classifies expenses of administration and expenses incurred in the preservation, safekeeping, and management of the estate as claims against the estate. Tex. Prob.Code § 322.[1] Ad valorem taxes on estate property fall within the scope of such

expenses: the estate's representative is empowered to borrow money "[f]or the payment of *any ad valorem,* income, gift estate, inheritance, or transfer taxes upon the transfer of an estate or due from a decedent or ward *or his estate.*" Tex.Prob.Code § 329(a)(1) (emphasis added). Thus, ad valorem taxes accruing during administration are classified as claims against the estate. *See Oldham v. Keaton,* 597 S.W.2d 938, 945 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.) (ad valorem taxes paid during pendency of administration were expenses necessary to preserve estate assets); *San Antonio Sav. Ass'n v. Beaudry,* 769 S.W.2d 277, 281 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (expenses incurred by administrator in obtaining reduced valuation of estate property for ad valorem tax purposes were payable from proceeds of the property).

■ Heirs are not ordinarily personally liable for claims against the estate while the estate remains under administration. *See Blinn v. McDonald,* 92 Tex. 604, 610–11, 46 S.W. 787, 790 (1898).[2] A creditor of an estate "cannot have a personal judgment against heirs, devisees or legatees, or legal representatives of the estate of a decedent.... [T]he creditor must enforce his claim through administration, where the estate is not distributed; not directly against the heirs." *Smith v. Basham,* 227 S.W.2d 853, 856 (Tex.Civ.App.—Dallas 1950), *aff'd,* 233 S.W.2d 297 (Tex.1950).[3]

---

1. The dissenting opinion argues that expenses necessary for the preservation of an estate are not classifiable as such until they have been paid by the administrator. The Probate Code, however, prohibits the administrator in a dependent administration from paying a claim until it has been approved by the court. Tex.Prob.Code § 319. Approval by the court entails classification of the expense in the hierarchy of claims established by Probate Code section 322. *See Blair v. State,* 640 S.W.2d 867, 869 (Tex.1982). Thus, the dissenting opinion's reasoning would leave administrators in a financial trap: an expense would not be classifiable as a claim until it had been paid; yet a claim would not be payable until it had been classified as an expense.

2. Other jurisdictions have also followed the rule that heirs may not be held personally liable prior to the distribution of estate property. *See Keele v. Stakes,* 608 So.2d 1041, 1043 (La.Ct.App.1992) ("The provisions of our Civil Code make clear

that an heir must accept the succession to which he is called before he becomes responsible for the debts of the succession."); *Wittkamp v. Wittkamp,* 69 Ohio Law Abs. 605, 126 N.E.2d 473, 475 (C.P.1954) (under Ohio law, heirs are liable only to extent of assets actually recovered); *Landau v. Landau,* 409 Ill. 556, 101 N.E.2d 103, 107 (1951) (heirs are liable for decedent's debts only if they receive estate assets); *In re Schmitt's Will,* 187 Misc. 988, 66 N.Y.S.2d 686, 690 (Sur.Ct. 1946) (heirs, holders of equitable title in estate property, are not personally liable for realty taxes; rather, administrator as holder of legal title is liable).

3. *See also Potts v. W.Q. Richards Memorial Hosp.,* 558 S.W.2d 939, 945 (Tex.Civ.App.—Amarillo 1977, no writ) (in order to recover from heirs, unpaid creditor must prove that property actually distributed to heir equalled or exceeded amount sought); *Perkins v. Cain Coffee,* 466

The taxing authorities argue, though, that title to the property vested immediately in the heirs upon the decedent's death, giving rise to immediate, personal liability for subsequently accruing taxes. This argument is based upon provisions of the Tax and Probate Codes. Section 32.07 of the Tax Code provides:

> [P]roperty taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed. . . .

Additionally, Section 37 of the Probate Code provides:

> [W]henever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but . . . shall still be liable and subject in their hands to the payment of the debts of the intestate . . . ; but upon the issuance of letters . . . of administration upon any such estate, the . . . administrator shall have the right to possession of the estate . . . and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

The taxing authorities contend that these provisions, read together, establish that the heirs, as the owners, are personally liable for the taxes at issue.

■ For taxing purposes, however, the heirs are not considered the owners of estate property yet under administration. *See Harper v. Swoveland,* 591 S.W.2d 629, 630 (Tex. Civ.App.—Dallas 1979, no writ) (while title vests immediately in devisee upon decedent's death, this title is subject to administration). Probate Code Section 37, in addition to declaring that an estate vests immediately in the heirs, also mandates that upon the issuance of letters, the administrator "shall have the right to possession of the estate as it existed at the death of . . . the intestate . . . and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law." Thus, the administrator is designated the trustee of the estate property:

Under Texas law, during the period of administration, the decedent's estate in the hands of the executor or administrator constitutes a trust estate. The executor or administrator is more than a stake-holder, or the mere agent as a donee of a naked power of the heirs, legatees, and devisees. He has exclusive possession and control of the entire estate. He is charged with active and positive duties. He is an active trustee of a trust estate.

*Jones v. Whittington,* 194 F.2d 812, 817 (10th Cir.1952); *see also Morrell v. Hamlett,* 24 S.W.2d 531, 534 (Tex.Civ.App.—Waco 1929, writ ref'd) (estate property under administration is held in trust).

Under Section 37, the administrator, as trustee of the estate property, assumes legal title. *See Long v. Long,* 252 S.W.2d 235, 247 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.) ("In any active trust the legal title and right of possession are vested in the trustee . . . ."). As holder of legal title, the trustee is the owner for the purpose of taxation. This principle was articulated in *Driscoll Foundation v. Nueces County,* 445 S.W.2d 1, 6 (Tex.Civ.App.—Beaumont 1969, writ dism'd w.o.j.), which also involved the assessment of ad valorem taxes:

> The Trustees, not the Foundation, had the legal title to the property involved in this suit; and, as owners, the Trustees were required to render the same for ad valorem taxes. . . . As a general rule, property held in trust is assessed to the Trustee as holder of the legal title and not to the beneficiary, even though the tax is in substance on the interest of the beneficiary.

(Citations omitted.) While it is true that the heirs hold equitable title to estate property, this interest does not give rise to tax liability. The responsibility for taxes lies with the administrator as holder of legal title.

The rule vesting the estate immediately in the heirs, codified in Probate Code Section 37, has not been construed to impose tax liability on heirs prior to distribution. The rule was adopted in conformance with the

S.W.2d 801, 803 (Tex.Civ.App.—Corpus Christi 1971, no writ) (heirs not personally liable to a claimant against the estate unless they have disposed of or altered property); *Elkin v. Sanders,*

397 S.W.2d 309, 312 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.) (devisees not personally liable for testator's debts though creditors could enforce claims against property in their hands).

axiom that "[t]here is never a time when title is not vested in someone." *Welder v. Hitchcock,* 617 S.W.2d 294, 297 (Tex.Civ.App.— Corpus Christi 1981, writ ref'd n.r.e.). This court has rejected the contention that heirs are consequently personally liable for debts of the estate prior to distribution. *See Blinn v. McDonald,* 92 Tex. 604, 608, 46 S.W. 787, 788 (1898) (during administration, heirs have no power to dispose of the property, and have no personal liability for debts against the property).[4]

## II.

■ Because the present action constitutes a claim against the estate filed after administration had begun in the county court at law sitting in probate, jurisdiction lies with the county court.

In those counties where there are statutory courts exercising probate jurisdiction, such courts share original jurisdiction over probate proceedings with the constitutional county court, to the exclusion of the district court. Tex.Prob.Code § 5(c). Accordingly, administration of the Bailey estate was properly initiated in the Cherokee County Court at Law.

The Probate Code further provides that "[a]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." Tex.Prob.Code § 5(e). With regard to proceedings in statutory county courts, "matters incident to an estate" are defined to include "all claims by or against an estate" and "all actions for trial of title to land and for the enforcement of liens thereon incident to an estate." Tex. Prob.Code § 5A(a). The instant suit constitutes a "claim against the estate" rather than a claim for which the putative heirs may be held personally liable. The suit is, moreover, an action "for the enforcement of liens" on land which is "incident to the estate." In sum, this suit pertains to matters incident to the estate and the county court at law is vested with jurisdiction over it. *See Blair v.*

*State,* 640 S.W.2d 867, 869 (Tex.1982) ("The scheme for administration of estates is that claims should be submitted to the probate court for classification and then paid through orders of the probate court.").

■ When sitting in probate, the county court at law is empowered to enforce creditors' claims against the estate. A creditor may petition the court to order payment of the claim; if funds on hand are insufficient, the court may order the sale of estate property. Tex.Prob.Code § 326; *see also Rivera v. Morales,* 733 S.W.2d 677, 678 (Tex.App.— San Antonio 1987, writ ref'd n.r.e.) (an administrator has a duty to pay creditors pursuant to orders of the probate court). If the administrator refuses to make a court-ordered payment, the creditor may have execution issued against the property for the amount owed, plus interest and costs. Tex. Prob.Code § 328(a). Alternatively, the court may cite the representative and sureties to show cause why they should not be held liable for the debt, as well as interest, costs and damages. Tex.Prob.Code § 328(b).

Instead of submitting their claim to the county court, the taxing authorities filed suit in the district court. The record reflects that the Baileys filed a "Plea in Abatement and Motion for Dismissal of Cause" in the district court, urging that the taxing authorities' action be dismissed for want of jurisdiction. The district court in its final judgment denied the Baileys' motion to dismiss.

■ The taxing authorities argue that because the district court is empowered with original probate jurisdiction, it has jurisdiction to hear matters incident to the estate.[5] We disagree. A court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate proceeding related to such matters is already pending in that court. *See Interfirst Bank–Houston v. Quintana Petroleum,* 699 S.W.2d 864, 873 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Thus, because the ongoing ad-

---

**4.** *See also Potts v. W.Q. Richards Memorial Hosp.,* 558 S.W.2d at 945; *Perkins v. Cain Coffee,* 466 S.W.2d at 803; *Elkin v. Sanders,* 397 S.W.2d 309 at 312; *Smith v. Basham,* 227 S.W.2d at 856.

**5.** *See* Tex.Prob.Code §§ 5(a), (d), and (e).

ministration in the county court at law sitting in probate was the only probate proceeding pending, that court alone had jurisdiction over matters incident to the estate.

■ Furthermore, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). Because the administration was already pending in the county court when this suit was filed in the district court, the jurisdiction of the county court is dominant. *See Thomas v. Tollon*, 609 S.W.2d 859, 860 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (where county court originally exercised jurisdiction over the estate of decedent it was the proper court to determine matters incident to the estate).[6]

### III.

We hold that the estate bears the liability for ad valorem taxes accruing during administration and that therefore the Bailey heirs may not be held personally liable prior to distribution. The present suit to collect the taxes is a claim against the estate over which the probate court maintained exclusive jurisdiction once the administration commenced in that court. We reverse the judgment of the court of appeals and dismiss the taxing authorities' claims. Our disposition of this cause is without prejudice to any right of the taxing authorities to present claims incident to the estate in the county court at law sitting in probate.

■ With certain exceptions not relevant here, taxing units are exempt from court costs in suits to collect delinquent taxes. Tex.Tax Code § 33.49. Consequently, court costs incurred by the Baileys will be assessed against them. *See Nacogdoches Indep. School Dist. v. McKinney*, 513 S.W.2d 5 (Tex.1974) (winning taxpayer in action by

school district to recover taxes was required to pay only those costs incurred by him).

Dissenting opinion by GONZALEZ, J., joined by HIGHTOWER and ENOCH, JJ.

GONZALEZ, Justice, dissenting.

[June 3, 1993.]

Mr. W.E. Bailey died in 1973 leaving a wife and two sons. At the time of his death, Mr. and Mrs. Bailey owned 26 parcels of land comprising 146 acres with an estimated value of one million dollars. As administrator of the estate, Mrs. Bailey paid all of the debts of the estate but refuses to pay the taxes that have accrued since her husband's death. It has been approximately 20 years since her husband died and there is no apparent need for continued administration. Nonetheless, Mrs. Bailey has not distributed the estate to the heirs, her sons. The taxing authorities were successful in the trial court in their suit to collect the delinquent taxes. The district court ordered that a tax lien on the property be foreclosed. The court of appeals affirmed this judgment and additionally declared that the heirs were personally liable for this debt. 817 S.W.2d 117. I would affirm the judgment of the court of appeals.

The majority agrees with the Baileys that this suit constitutes a claim against the estate for which heirs may not be held personally liable. To support this contention the Baileys rely on the definition of "claims" in section 3(c) of the Probate Code. That section provides:

"Claims" include *liabilities of a decedent which survive, including taxes*, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, estate and inheritance taxes, liabilities against the

---

6. *See also Carlisle v. Bennett*, 801 S.W.2d 589, 592 (Tex.App.—Corpus Christi 1990, no writ) (even assuming that probate court did not have exclusive jurisdiction it was entitled to exercise jurisdiction exclusive of other courts as first court to acquire jurisdiction under theory of "dominant jurisdiction"); *Crawford v. Williams*, 797 S.W.2d 184, 185 (Tex.App.—Corpus Christi 1990, writ denied) (district court did not have jurisdiction over will contest proceeding where

county court had acquired and exercised jurisdiction). *Cf.* Tex.Prob.Code § 5B ("A judge of a statutory probate court ... may transfer to his court from a district ... court a cause of action appertaining to or incident to an estate pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.").

estate of a minor or incompetent, and debts due such estates.

TEX.PROB.CODE ANN. § 3(c) (Vernon 1980) (emphasis added). The Baileys assert that under this definition, liabilities "surviving" the deceased are not limited to those incurred while the decedent was alive, but include such expenses as estate and inheritance taxes, funeral expenses, and expenses of administration. They further suggest that "tax" liability which survives necessarily includes taxes other than estate and inheritance taxes. Consequently, property taxes accruing subsequent to the decedent's death may be classified as debts of the deceased and assessed against the estate. This argument is based upon the premise that the phrase "liabilities of a decedent which survive" is modified by and includes the subsequently enumerated debts and expenses. In my opinion, this is an incorrect reading of this provision.

Section 3(c) classifies certain debts and expenses, the payment and collection of which are considered "claims" by or against the estate. Expenses incurred after the decedent's death, such as funeral expenses, expenses of administration, and estate and inheritance taxes, are charged to the estate by way of express recognition in section 3(c). "[L]iabilities of a decedent which survive" are also expressly recognized in this provision as a separate and distinct classification of "claims" and contemplate debts, including taxes, owed by a decedent for which his estate is now responsible.

There is little question that debts, including ad valorem taxes, that are due and owing by an individual **during his lifetime** are liabilities of that individual. Accordingly, upon the death of that individual, any outstanding unpaid taxes are liabilities which survive and can be assessed against the estate. Ad valorem taxes accruing **subsequent** to the decedent's death, however, were never liabilities of the decedent during his lifetime. Therefore such liabilities do not "**survive** his death" and should not be charged directly to the estate.

The Baileys argue alternatively, and the majority of the court today agrees, that these delinquent taxes are claims against the estate by virtue of the fact that they are expenses of administration, necessary for the preservation, safe-keeping, and management of the estate. This would be true if the administrator would have actually paid the taxes, and was seeking reimbursement from the estate for such expenditures. In this case, however, the taxing authorities are seeking to collect for the nonpayment of delinquent taxes and, as such, are not seeking remuneration for expenses incurred in the preservation of the estate property.

Although at death ownership of property vests immediately in the heirs, the administrator not only has the right, but also the duty to take possession and control of this property during the course of the administration in order to pay the debts of the estate. TEX.PROB.CODE § 37; *see also Bloom v. Bear*, 706 S.W.2d 146, 147 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Atlantic Ins. Co. v. Fulfs*, 417 S.W.2d 302, 305 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.); *Cain v. Church*, 131 S.W.2d 400, 402 (Tex.Civ.App.—Dallas 1939, no writ); *Adams v. Bankers Life Co.*, 36 S.W.2d 182, 185 (Tex.Comm'n App.1931, holding approved). During this period of administration, the personal representative of the estate owes a fiduciary obligation to use reasonable care in order to preserve and maintain the estate property.[1] TEX.PROB.CODE § 230(a); *Humane Soc. of Austin and Travis County v. Austin Nat'l Bank*, 531 S.W.2d 574 (Tex.1975), *cert. denied* 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976); *Roberts v. Stewart*, 15 S.W. 1108 (Tex.1891); *see also In Re Estate of Canales*, 837 S.W.2d 662, 668 (Tex.App.—San Antonio 1992, no writ); *Radford v. Coker*, 519 S.W.2d 934 (Tex.Civ.App.—1975, writ ref'd n.r.e.). The payment of property taxes during this period in order to keep the property free from encumbrances may at times be encompassed in this obligation, as evidenced by TEX.PROB.CODE § 329(a)(1) which allows the personal representative of the estate to bor-

---

1. While the administrator may owe a fiduciary obligation to pay the ad valorem taxes on the property, this obligation is owed to the heirs, not the taxing authority. As such, if she fails to fulfill this obligation, the administrator is potentially liable to the heirs for breach of this duty.

row money for the payment of ad valorem taxes. When ad valorem taxes are paid on the property, this expenditure can be presented to the probate court and classified as an expense of administration, which in turn will be paid according to its priority of payment. TEX.PROB.CODE § 322; *see also Oldham v. Keaton,* 597 S.W.2d 938, 945 (Tex.Civ. App.—Texarkana 1980, writ ref'd n.r.e.). Likewise, during a dependent administration, the administrator may seek to have the taxes paid by presenting this expense to the probate court for approval and classification. In either circumstance, the administrator is expending money or seeking to expend money in order to preserve the estate property. The taxing authority, on the other hand, has not paid one cent in order to preserve the estate property, nor are they seeking to spend money for this purpose.

To the contrary, in the present case the taxing authorities are seeking to impose liability for the *nonpayment* of these expenses, and as such, this liability cannot be considered an "expense of administration." Whereas the delinquent taxes are neither liabilities of the decedent which survive nor expenses of administration, and thus not a "claim against the estate," the question now becomes: who should the taxing authorities look to in order to secure payment of delinquent ad valorem taxes when the personal representative fails to pay these taxes on estate property during the administration of the estate? By statute, the Tax and Probate Codes establish that these ad valorem taxes are the personal obligation of the owners of the real estate; namely, the heirs.[2]

Section 37 of the Probate Code provides: [w]henever a person dies intestate, **all of his estate shall vest immediately in his heirs at law, but ... shall still be liable and subject in their hands to the pay-**

**ment of the debts of the intestate;** but ... the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate ... and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law.

TEX.PROB.CODE ANN. § 37 (Vernon 1980) (emphasis added). Under this provision, upon death, title to the decedent's property passes immediately to the heirs and devisees. Although subject to the administrator's right of possession in order to pay the debts of the estate, ownership is nonetheless vested in the heirs. *See Kelly v. Marlin,* 714 S.W.2d 303 (Tex.1986); *Welder v. Hitchcock,* 617 S.W.2d 294 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Zahn v. Nat'l Bank of Comm. of Dallas,* 328 S.W.2d 783 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.); *Buckner Orphans Home v. Maben,* 252 S.W.2d 726 (Tex.Civ. App.—Eastland 1952, no writ). Thus, upon Mr. Bailey's death, his share of ownership of the real estate vested immediately in his two adult sons.

Further, section 32.07 of the Tax Code provides:

[P]roperty taxes are the *personal obligation* of the person who *owns* or acquires the property on January 1 of the year for which the tax is imposed.

TEXAS TAX CODE ANN. § 32.07 (Vernon 1992) (emphasis added). This provision imposes personal liability for payment of property taxes on the owners of the property. Reading these provisions together, the Tax and Probate Code provisions spell out when and in whom ownership of an intestate's real estate vests, and the tax liability that necessarily flows from such ownership.[3]

---

2. This is not to suggest that a personal representative may avoid liability for failing to properly maintain the estate assets. The personal representative has a fiduciary duty to maintain and preserve these assets and, as against the heirs, may be liable for breach of that duty. *See* TEX. PROB.CODE § 230(a); *Gordon v. Terrence,* 633 S.W.2d 649, 652 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Gulf Ins. Co. v. Blair,* 589 S.W.2d 786 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). However, as against the taxing authority, the

legislature has imposed this responsibility on the heirs, not the estate.

3. All statutes are presumed to be enacted by the legislature with full knowledge of the existing laws and with reference to them. *See Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990); *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125, 128 (Comm'n App.1942, opinion adopted); *T.E.I.A. v. Haunschild,* 527 S.W.2d 270 (Tex.Civ.App.—Amarillo, writ ref'd n.r.e.).

The majority relies on this Court's decision in *Blanton v. Mayes,* 72 Tex. 417, 10 S.W. 452, 453 (1889), for the proposition that ad valorem taxes "subsequently accruing" after the death of the testator constitute debts of the estate. However, the nature of the taxes involved in *Blanton* is unclear. Nevertheless, the *Blanton* case was decided ninety-one years before the enactment of Section 32.07 of the Tax Code. Thus, to the extent *Blanton* involves ad valorem taxes on real property, the legislature has effectively overruled this opinion by imposing liability, not on the estate, but on the owners of the property, the heirs.

The majority's reliance on *Long v. Long,* 252 S.W.2d 235 (Tex.Civ.App.—Texarkana 1952, writ ref'd n.r.e.), and *Driscoll Found. v. Nueces County,* 445 S.W.2d 1 (Tex.Civ. App.—Beaumont 1969, writ dism'd w.o.j.) is also misplaced. These cases do not even involve the administration of an estate, but rather the management of testamentary trusts. The majority also finds *Blinn v. McDonald,* 46 S.W. 787 (Tex.1898) and *Smith v. Basham,* 227 S.W.2d 853 (Tex.Civ. App.—Dallas 1950, no writ) persuasive. These cases are equally not on point. *The taxing authority is not a* **creditor** *of the deceased.* The deceased did not owe the taxes before he died; they accrued after his death. The taxing authorities merely seek to collect the delinquent taxes from the owners of the property and we should apply the statutes as written. Whether application of these statutes may lead to unjust or anomalous results should not be our concern. When the language in a statute is unambiguous, this Court is bound to follow its plain meaning when seeking to effectuate the intent of the legislature. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex. 1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985).

We should apply the Probate and Tax Code as written. Any changes or revisions should be made by the legislature. This Court should not circumvent the plain language of these statutes under the guise of judicial construction.

## JURISDICTION

The majority holds that the district was without jurisdiction to foreclose the tax lien on the property and that jurisdiction is proper in the Cherokee County Court at Law where the ongoing dependant administration of W.E. Bailey is pending. However, having concluded that personal liability for the nonpayment of ad valorem taxes accruing subsequent to the decedent's death falls on the heirs of the estate, I would hold that the district court had jurisdiction over this action.[4]

This is a suit brought by the taxing authorities of Cherokee County seeking to enforce a personal obligation of the heirs by imposing personal liability and ordering a sale of the property. Although the sale of the property under the estate administration would be incident to an estate, *see Palmer v. Coble Wall Trust Co.,* 851 S.W.2d 178, (Tex.1992) ("a suit is 'appertaining to or incident to' an estate when the controlling issue is the settlement, partition, or distribution of an estate."), this action is based upon a personal obligation of the heirs and, as such, any judgment that could be rendered would be beyond the purview of the probate court. Therefore, the County Court at Law of Cherokee County sitting in probate is without jurisdiction to render judgment imposing personal liability on the heirs for the unpaid taxes. Because the probate court is without jurisdiction to render a judgment affording full relief to the taxing authorities, the district court had jurisdiction over this claim. *See Lauraine v. Masterson,* 193 S.W. 708

---

**4.** The majority, in my opinion, erroneously concludes that the district court had no jurisdiction to adjudicate this dispute. The concept of "dominant jurisdiction" is not involved here. As fully explained in other parts of this opinion, this suit is not a "claim against the estate" but a suit for collection of delinquent taxes that accrued on the defendants' property after their father died. Had the taxing authority sought only a foreclosure of the tax liens which have attached to the property,

see Tex.Tax Code § 32.01, jurisdiction would have been proper in the probate court to order a sale of the property and payment to the taxing authority. *See* Tex.Prob.Code § 322. However, the taxing authority is seeking to enforce a personal obligation on the owners of the property and, as such, the probate court has no jurisdiction to render judgment imposing personal liability to enforce this obligation.

(Tex.Civ.App.—Galveston 1917, writ ref'd) (if the powers of the probate court are inadequate to grant full relief to which the claimant is entitled, the district court has jurisdiction over that claim in order to afford full relief).

Accordingly, I would affirm the judgment of the court of appeals.

HIGHTOWER and ENOCH, JJ., join this dissenting opinion.