NO. 07-03-0059-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 9, 2005

_____

JERRY ATKINS, APPELLANT

V.

MARTHA WIDEMAN, DAVID GLEN WIDEMAN,

AND LINDA DENISE WIDEMAN LOVING, APPELLEES

_____

FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 34,947-02-01; HONORABLE PAUL E. WHITE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Presenting four points of error, Jerry Atkins challenges a summary judgment declaring that he has no interest in or claim to certain real property devised to Martha Wideman, David Glen Wideman, and Linda Denise Wideman Loving and awarding the Widemans' attorney's fees in the amount of $6,354.39. By his points, Atkins contends the trial court erred (1) the trial court erred in granting summary judgment because issues of fact were presented, (2) the trial court abused its discretion in granting a permanent injunction, (3) the trial court erred in

awarding attorney's fees, and (4) the trial court did not have subject matter jurisdiction. We reverse and remand.

Following the death of Nell Wideman Cain on October 6, 1999, Jean Graham was appointed Independent Executrix of her estate on November 9, 1999. During the administration of the estate, Graham engaged Atkins who rendered a variety of legal services. After recovering a judgment signed July 13, 2001, against the Estate of Nell Wideman Cain and Jean Graham in her capacity as Independent Executrix, in the sum of $18,230.87, plus interest and attorney's fees, Atkins caused an abstract of judgment to be filed of record in Angelina County. Alleging their title to the real estate vested upon the death of Nell Wideman Cain, subject to the payment of her debts, the Widemans brought an action against Atkins seeking, among other things, a declaratory judgment removing the judgment obtained and filed by Atkins as a cloud upon their title to the subject real estate.

By their traditional motion for summary judgment, the Widemans contended that because their title vested at the time of the death of Nell Wideman Cain and the real estate was a specific devise, that the real estate was not subject to the debts of the Cain Estate and Atkins's judgment. In response, Atkins asserted that the Widemans' action should be brought against the Independent Executrix of the Estate and that fact questions were presented as to whether the residuary estate had sufficient funds to satisfy the judgment. Before we commence our review, we first set out the appropriate standard of review.

Standard of Review–Summary Judgment

In reviewing summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

2

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside Indep. School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

By his first point of error, Atkins contends the trial court erred in granting summary judgment because issues of fact were shown. We agree.

As material here, section 37 of the Texas Probate Code provides "[w]hen a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will . . . shall vest immediately in the devisees or legatees of such estate . . . subject, however, to the payment of the debts of the testator . . . ." Tex. Prob. Code. Ann. § 37 (Vernon 2003). *See* Woodward v. Jaster, 933 S.W.2d 777, 781 (Tex.App.–Austin 1996, no writ). However, for purposes of the payment of debts and taxes, the heirs are not considered the owners of the estate property while under administration. Bailey v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 584 (Tex. 1993).

Because the Widemans' interest in the specifically described real estate was subject to the payment of all of the debts of the estate, they had the burden to produce summary judgment evidence to demonstrate that sufficient residuary funds or assets were available to pay the Atkins judgment. Indeed, the summary judgment evidence presented by Atkins suggested that residuary assets had been substantially exhausted. Accordingly, the Widemans did not conclusively establish the absence of the fact question regarding the sufficiency of funds or assets otherwise available to satisfy the Atkins judgment. Atkins's first point of error is sustained.

We have not overlooked a document entitled Release of Judgment Lien signed by Atkins after summary judgment was rendered and Atkins's motion for new trial was overruled, which was submitted as an appendix to the Widemans' brief. However, that document is not part of the record and cannot be considered on appeal. *See* Crossley v. Staley, 988 S.W.2d 791, 794

4

(Tex.App.–Amarillo 1999, no pet.). While the document may demonstrate a breakdown in communications between the Independent Executrix and the Widemans, their suggestion that the appeal is moot except for the award of attorney's fees is not controlling for purposes of our decision.

Our disposition of Atkins's first point of error pretermits our consideration of his remaining points. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

Per Curiam

Johnson, C.J., not participating.

5