NO. 07-05-0179-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 7, 2005


______________________________



THE STATE OF TEXAS FOR THE BEST INTEREST


AND PROTECTION OF T.R.G.


_________________________________



FROM THE COUNTY COURT OF RANDALL COUNTY;



NO. 2005-M-055; HON. JAMES ANDERSON, PRESIDING


_________________________________



Memorandum Opinion


_________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 This is an appeal from an order involuntarily committing T.R.G. (appellant) to North
Texas State Hospital in Wichita Falls, Texas, for no more than 365 days. He was so
committed to receive extended mental health services. His appointed appellate counsel
moved to withdraw and filed an Anders (1) brief in conjunction with that motion. In the brief,
counsel represents that, after conducting a diligent search, he found no meritorious issues
warranting appeal. Along with his brief, appellate counsel sent appellant a letter informing
him of his conclusions and his right to file a pro se response. We too informed appellant,
by letter, of his right to file a pro se response, and one was received by the court from him. 
Several supplemental responses were also forwarded to this court. However, the
comments in the pro se responses are generally incomprehensible and sometimes profane. 
They also fail to illustrate that the trial court erred in any way or that appellant's
commitment was and is unlawful.

 Next, in compliance with the principles enunciated in Anders, appellate counsel
illustrates why the appeal lacks merit. His first issue involves whether Anders even applies
to an appeal from a commitment proceeding, and he concludes that it does. We agree with
that determination. See In the Matter of E.M, No. 03-96-00703-CV, 1997 Tex. App. Lexis
2511(Tex. App.-Austin May 1, 1997, no writ) (unpublished) (applying Anders in an appeal
from a commitment order). 

 Next, counsel discusses two potential areas for error. The first concerns the
confrontation clause of the United States Constitution and whether it was violated when the
trial court permitted a witness to testify via the telephone. The second involves the
effective assistance of counsel when he withheld objection to the decision allowing
testimony to be received over the phone. Each issue was then shown to be baseless. For
instance, trial counsel was given leave to cross-examine and actually questioned the
witness over the telephone. So, appellant's opportunity to test the comments of the witness
was preserved in this instance. Additionally, appellant says nothing about being unable to
broach or investigate any particular subject due to the procedure utilized. And, because
appellant had the opportunity to cross-examine the witness and actually did so, withholding
objection to the procedure did not render trial counsel ineffective. We agree. 

 In addition to reading the Anders brief and appellant's pro se response, we also
reviewed the record, sua sponte, as required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991). Our review of it disclosed no arguable error warranting reversal.

 Accordingly, the motion to withdraw is granted, and the order committing appellant
to North Texas State Hospital not to exceed 365 days is affirmed. 



 Per Curiam
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 ( 1967).



nt


 In reviewing summary judgment, this Court must apply the standards established in
Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

 1. The movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of
law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true.


 3. Every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.

 

For a party to prevail on a motion for summary judgment, he must conclusively establish the
absence of any genuine question of material fact and that he is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim,
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or negate at least one essential element
of the non-movant's cause of action. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678-79 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64
(Tex.App.-Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends
preclude the granting of a summary judgment must be expressly presented to the trial court by
written answer or other written response to the motion and not by mere reference to summary
judgment evidence. McConnell v. Southside Indep. School Dist., 858 S.W.2d 337, 341 (Tex.
1993). Issues not expressly presented to the trial court in writing shall not be considered on
appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

 By his first point of error, Atkins contends the trial court erred in granting summary
judgment because issues of fact were shown. We agree.

 As material here, section 37 of the Texas Probate Code provides "[w]hen a person dies,
leaving a lawful will, all of his estate devised or bequeathed by such will . . . shall vest
immediately in the devisees or legatees of such estate . . . subject, however, to the payment of
the debts of the testator . . . ." Tex. Prob. Code. Ann. § 37 (Vernon 2003). See Woodward v.
Jaster, 933 S.W.2d 777, 781 (Tex.App.-Austin 1996, no writ). However, for purposes of the
payment of debts and taxes, the heirs are not considered the owners of the estate property
while under administration. Bailey v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 584
(Tex. 1993).

 Because the Widemans' interest in the specifically described real estate was subject to
the payment of all of the debts of the estate, they had the burden to produce summary judgment
evidence to demonstrate that sufficient residuary funds or assets were available to pay the
Atkins judgment. Indeed, the summary judgment evidence presented by Atkins suggested that
residuary assets had been substantially exhausted. Accordingly, the Widemans did not
conclusively establish the absence of the fact question regarding the sufficiency of funds or
assets otherwise available to satisfy the Atkins judgment. Atkins's first point of error is
sustained. 

 We have not overlooked a document entitled Release of Judgment Lien signed by Atkins
after summary judgment was rendered and Atkins's motion for new trial was overruled, which
was submitted as an appendix to the Widemans' brief. However, that document is not part of
the record and cannot be considered on appeal. See Crossley v. Staley, 988 S.W.2d 791, 794 
(Tex.App.-Amarillo 1999, no pet.). While the document may demonstrate a breakdown in
communications between the Independent Executrix and the Widemans, their suggestion that
the appeal is moot except for the award of attorney's fees is not controlling for purposes of our
decision. 

 Our disposition of Atkins's first point of error pretermits our consideration of his remaining
points. Accordingly, the judgment of the trial court is reversed and remanded for further
proceedings.

 Per Curiam

Johnson, C.J., not participating.